■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE SENECI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered February 10, 1986, convicting him of grand larceny in the second degree (11 counts) and insurance fraud in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, the defendant presented three alibi witnesses— Kenny Vargas, an employee of the defendant who was buying one of his video arcade businesses; Joanne Russell, the defendant's secretary; and Barbara Seneci, the defendant's wife. All three witnesses testified that on September 27, 1983, they saw defendant at his Valley Stream office during the time that he was alleged to have been present at his Coney Island videogame arcade when certain videogame machines were stolen. After the jury returned a verdict finding defendant guilty of grand larceny in the second degree (11 counts) and insurance fraud in the first degree, the defendant moved to set aside the verdict on the basis of newly discovered evidence—namely, an affidavit by one Joseph A. Greco averring that at the time the videogame machines were being stolen, he was with the defendant at his Valley Stream office where they were in the process of negotiating the sale to Greco of a popcorn-making machine. Various bank statements and purchase documents allegedly relating to this sale, all dated September 27, 1983, were also submitted in connection with this motion. The purchase documents bore Greco's name and the name of one of the defendant's companies, but none bore the defendant's name or his signature. The defendant also submitted an affidavit averring that he did not produce this evidence until after the trial because he had forgotten about Greco until he inadvertently discovered the aforementioned documents. The defendant claimed that Joseph Greco had not been penciled into his business diary for the date of September 27, 1983, and that the documents submitted in support of his motion had been lost or misplaced when the defendant moved his place of business in September of 1983 and again in March of 1985. In response, the People submitted a computer printout which documented that Greco had been arrested on six occasions between 1951 and 1978, and that he had been convicted of

larceny and assault. The trial court ultimately denied the defendant's motion without a hearing, finding that the Greco affidavit was "at best cumulative to the alibi defense heard by the jury at the trial".

In order to be considered "newly discovered evidence" sufficient to warrant the granting of a new trial, the evidence: (1) must be such as will probably change the result if a new trial is granted, (2) must have been discovered since the trial, (3) must be such as could not have been discovered prior to trial by the exercise of due diligence, (4) must be material to the issue, (5) must not be cumulative to the former issue, and (6) must not merely impeach or contradict the former evidence *(People v Salemi,* 309 NY 208, 216, *cert denied* 350 US 950). Here, the defendant argues that Greco's potential alibi testimony was not cumulative, but was evidence of an essentially different character since Greco was truly a "neutral", disinterested witness who had no contacts with the defendant apart from one business transaction, whereas the alibi witnesses who testified at trial all had some personal connection with the defendant and were thus "interested" witnesses—a fact which the prosecutor had stressed to the jury. We disagree. The content of Greco's potential testimony was nearly identical, and thus cumulative, to that attested to by the defense witnesses at the trial. As concerns the quality of this evidence —we find unpersuasive the defendant's contention that Greco's status as a "disinterested witness" significantly rendered his testimony more credible than that of the alibi witnesses who testified at trial. We agree with the People that Greco's criminal history, which includes convictions for crimes that bear directly on the issue of truthfulness, effectively outweighs the suggested enhanced credibility of Greco due to his status as a "disinterested witness".

In any event, we find that the defendant's excuses for failing to present this evidence until after the conclusion of the trial failed to satisfy the requirement that the "newly discovered evidence" be such as could not have been discovered prior to trial by the exercise of due diligence *(see, People v Salemi, supra).* Therefore, we conclude that the trial court properly denied the defendant's motion to set aside the verdict on the basis of newly discovered evidence.

We have reviewed the defendant's other claims and find them to be without merit. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.