■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CLERKIN, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Huttner, J.), rendered May 1, 1987, convicting him of robbery in the first degree and petit larceny, after a nonjury trial, and imposing sentence, and (2) by permission, from an order of the same court, dated September 1, 1987, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of the crimes charged. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The record reveals that prior to announcing the robbery, the defendant had entered the complainant's store and requested her assistance in making a purchase during which time the complainant conversed with the defendant and was able to fully observe his features. The complainant subsequently identified the defendant in a lineup conducted within hours of the robbery and identified the defendant at trial with certainty and in detail as the perpetrator of the crime. Upon the foregoing evidence, it was within the province of the triers of

fact to resolve questions of credibility, including the accuracy of the complainant's identification (see, People v Gomezgil, 135 AD2d 561, 562, lv denied 70 NY2d 1006; People v Shapiro, 117 AD2d 688, lv denied 67 NY2d 950), and we perceive no reason on the record before us to disturb the court's findings in respect to these issues.

Further, upon review of trial counsel's performance in conjunction with the law, the evidence and circumstances of the case (see, People v Rivera, 71 NY2d 705, 708-709; People v Baldi, 54 NY2d 137, 146-147; People v Vanterpool, 143 AD2d 282), we are not prepared to say that the defendant did not receive the effective assistance of counsel to which he was constitutionally entitled. The defendant's contentions with regard to the performance of his trial counsel are principally based upon "simple disagreement with strategies and tactics" (People v Rivera, supra, at 709), and, therefore, do not constitute grounds upon which a determination of ineffectiveness may be premised (see, People v Benn, 68 NY2d 941; People v Baldi, 54 NY2d 137, supra).

Similarly unavailing is the defendant's contention that his discovery of new evidence warranted vacatur of the judgment of conviction pursuant to CPL 440.10 and the granting of a new trial. In order to be considered newly discovered evidence sufficient to warrant the granting of a new trial, the evidence must (1) be such as would probably change the result if a new trial were granted, (2) have been discovered since the trial, (3) be such as could not have been discovered prior to trial by the exercise of due diligence, (4) be material to the issues, (5) not be cumulative, and (6) not merely impeach or contradict the former evidence (see, People v Salemi, 309 NY 208, 216, cert denied 350 US 950; People v Seneci, 133 AD2d 432, 433, lv denied 70 NY2d 1011). The evidence proffered in the instant case could have been discovered prior to trial by the exercise of due diligence, and in any event, was largely cumulative and of impeachment value only.

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.