■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ELLIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered May 28, 1986, convicting him of murder in the second degree (two counts); robbery in the first degree (two counts); criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to support the defendant's conviction. Two witnesses placed the defendant in the vicinity of the crime. One of the witnesses observed the defendant leaving the shop clutching money. A third witness, moreover, heard the defendant confess to the killing. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Further, upon review of trial counsel's performance in conjunction with the law, the evidence and circumstances of the case *(see, People v Rivera,* 71 NY2d 705, 708-709; *People v Baldi,* 54 NY2d 137, 146-147; *People v Clerkin,* 144 AD2d 684), we find that the defendant received the effective assistance of counsel to which he was constitutionally entitled.

Since this case involved both direct and circumstantial evidence, a special instruction regarding the latter was not required *(People v Ruiz,* 52 NY2d 929; *People v Barnes,* 50 NY2d 375). In any event, the circumstantial evidence charge delivered by the court, read as a whole, adequately stated the principles of law necessary to permit the jury to properly evaluate the evidence *(People v Band,* 125 AD2d 683, 687). It is of no consequence that the court denied the defendant's

request to supplement the charge by employing the term "moral certainty" *(see, People v Sanchez,* 61 NY2d 1022; *People v Morris,* 36 NY2d 877).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.