■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEGETTE, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered February 13, 1987, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated February 23, 1988, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes charged beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Contrary to the defendant's contentions, the Supreme Court, after conducting a full evidentiary hearing, properly denied

his motion pursuant to CPL 440.10 to set aside the jury verdict. The record discloses that the evidence adduced at the hearing consisted principally of a prior recantation made by a civilian informant who, together with two police officers, had identified the defendant at trial. Such evidence was properly rejected by the Supreme Court as insufficient to warrant vacatur of the verdict. It has been held that in order to constitute newly discovered evidence warranting a new trial, the evidence proffered must, *inter alia,* do more than merely impeach or contradict the former evidence *(see, People v Salemi,* 309 NY 208, *cert denied* 350 US 950; *People v Clerkin,* 144 AD2d 684, 685; *People v Seneci,* 133 AD2d 432). Moreover, it has also been observed that "[r]ecantation evidence is inherently unreliable and is insufficient alone to require setting aside a conviction" *(see, People v Brown,* 126 AD2d 898, 900; *People v Allison,* 119 AD2d 1005). Guided by the foregoing principles, it is our view that neither the recantation evidence produced nor the other evidentiary materials proffered by the defendant in support of the motion justified the setting aside of the defendant's judgment of conviction under the circumstances presented.

Since the defendant failed to object to the closure of the courtroom at trial, the issue is unpreserved for appellate review *(see, People v Gonzalez,* 135 AD2d 829). In any event, the record reveals that one of the testifying officers—who had formerly worked as a team member with an informant and a second testifying officer—was still active in an undercover capacity, thereby sufficiently establishing that closure was necessary to protect the active officer's identity, her ongoing investigations, and the integrity of the pending cases on which all three team members had collaborated *(see, People v Policano,* 139 AD2d 773; *People v Gonzalez, supra).*

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or lacking in merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.