■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY BAXLEY, Appellant. [599 NYS2d 105] —Appeal by the defendant (1) from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 23, 1988, convicting him of murder in the second degree (three counts), robbery in the first degree (two counts), and burglary in the second degree (two counts), upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated April 1, 1992, which denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and the order are affirmed.

Under the circumstances of this case, it cannot be said that the trial court improvidently exercised its discretion in denying the motion to set aside the verdict without a hearing. The so-called "newly-discovered evidence" consisted principally of a recantation by the People's main witnesses. In order to constitute newly-discovered evidence warranting a new trial, the proffered evidence must, *inter alia,* do more than merely impeach or contradict the former evidence *(see, People v Salemi,* 309 NY 208, *cert denied* 350 US 950; *People v Legette,* 153 AD2d 760, 761). Moreover, it has also been observed that recantation evidence is inherently unreliable and is insufficient alone to require setting aside a conviction *(see, People v Legette, supra; People v Brown,* 126 AD2d 898, 900; *People v Allison,* 119 AD2d 1005). Guided by the foregoing principles, neither the recantation evidence nor the other evidence proffered by the defendant in support of the motion justified setting aside the defendant's judgment of conviction.

Moreover, we find that no *Brady* violation occurred with respect to the defendant *(see, United States v Bagley,* 473 US 667, 682; *People v Chin,* 67 NY2d 22, 33; *People v Alongi,* 131 AD2d 767, 768).

Finally, the defendant's sentence was proper *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Sullivan, Lawrence and Eiber, JJ., concur.