■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PINEDA and ARMANDO PINEDA, Appellants. [616 NYS2d 660] —Appeal by the defendants: (1) from two judgments of the Supreme Court, Queens County (Browne, J.) each rendered May 31, 1990, convicting each of them of criminal possession of a controlled substance in the first degree, criminal possession of a weapon in the third degree (three counts), and criminal possession of a weapon in the fourth degree, upon jury verdicts, and imposing sentences; and (2) by permission, from an order of the same court dated April 28, 1992, which denied, without a hearing, their motions pursuant to CPL 440.10 (1) (c), (d), (g) to vacate the judgments of conviction.

Ordered that the judgments and the order are affirmed.

Under the circumstances of this case, it cannot be said that the trial court improvidently exercised its discretion in denying the motion to set aside the judgments without a hearing. The so-called "newly discovered evidence" consisted principally of the testimony of one police officer who had testified at the defendants' trial and who also testified at a subsequent trial held eight-months later in which neither defendant was a party. At that later trial, the police officer was asked whether he had recovered a wallet from Armando Pineda or Joseph Pineda at the scene of the crimes. In response, the police officer testified that he did not recall. Thereafter, he was permitted to refresh his recollection by looking at his notes. He then testified, in accord with his prior testimony at the defendants' trial, that he had recovered the wallet from Armando Pineda. The defendants allege that the officer's failure to recall that detail constituted newly discovered evidence. We disagree.

Initially, we note that the police officer's failure to recall certain details did not constitute newly discovered evidence warranting a new trial. In order to constitute such evidence it must do more than merely impeach or contradict the former evidence (see, People v Salemi, 309 NY 208, cert denied 350 US 950; People v Baxley, 194 AD2d 681). Guided by the foregoing principles, the evidence proffered by the defendants in support of their motion did not justify setting aside the defendants' judgments of conviction.

The issue of the legal sufficiency of the evidence is unpreserved for appellate review. In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendants' guilt.

We have considered the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.