■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN JACKSON, Appellant. [661 NYS2d 110] —Order unanimously affirmed. Memorandum: Following a jury trial in 1986, defendant was convicted of five counts of attempted robbery in

the first degree, two counts of manslaughter in the first degree and two counts of felony murder. In 1991 defendant moved, pursuant to CPL 440.10 (1) (g), to vacate the judgment of conviction on the ground of newly discovered evidence: to wit, an affidavit from codefendant Thurman Dicker stating that defendant was not involved in the crimes. Supreme Court denied the motion without a hearing, ruling that the affidavit does not constitute newly discovered evidence. We affirm.

"It is well settled that on a motion for a new trial based upon newly discovered evidence the movant must establish, among other things, that 'the newly discovered evidence must be such as to probably, not merely possibly, change the result if a retrial is had' " (*People v Rodriguez*, 193 AD2d 363, 365, *lv denied* 81 NY2d 1079, quoting *People v Penoyer*, 135 AD2d 42, 44, *affd* 72 NY2d 936).

Here, it is not probable that defendant would receive a more favorable verdict at a retrial if codefendant Dicker testified in accordance with his affidavit (*see, People v Lane*, 212 AD2d 637, 638, *lv denied* 85 NY2d 975; *People v Milea*, 184 AD2d 791, 792, *lv denied* 80 NY2d 975). Although no eyewitnesses linked defendant to the crimes, the evidence of his guilt is compelling. Four persons, including two relatives of defendant, testified that defendant told them that he had been involved in the crimes. The court admitted into evidence at trial three letters written by defendant wherein he implicated himself. Additionally, in a written statement to the police, codefendant Dicker identified defendant as one of the four perpetrators, and Dicker did not explain in his affidavit why he initially told the police that defendant was involved in the crimes (*see, People v Rodriguez, supra*, at 366). Thus, the court properly determined that codefendant Dicker's affidavit does not constitute newly discovered evidence and properly denied the CPL 440.10 motion without a hearing (*see, People v Davenport*, 233 AD2d 771; *People v Baxley*, 194 AD2d 681, 682, *mod on other grounds* 84 NY2d 208, *rearg dismissed* 86 NY2d 886; *People v Allison* [appeal No. 1], 119 AD2d 1005, *lv denied* 68 NY2d 665, 912; *see also, People v Johnson*, 208 AD2d 562, *lv denied* 84 NY2d 937; *People v Mossop*, 191 AD2d 715, *lv denied* 81 NY2d 1017).

Defendant's reliance on *People v Staton* (224 AD2d 984) is misplaced. We held in *Staton* that the proffered testimony of a codefendant who sought to exculpate defendant after defendant's conviction constituted newly discovered evidence and that the court erred in summarily denying the motion. Here, unlike in *Staton*, the People argue that the proffered evidence would not change the result upon retrial. Moreover, also un-

like in *Staton,* the codefendant had not previously implicated defendant. It is well settled that recantation testimony is inherently unreliable (*see, People v Pugh,* 236 AD2d 810; *People v Rodriguez,* 201 AD2d 683, *lv denied* 83 NY2d 914; *People v Baxley, supra,* 194 AD2d, at 682; *People v Brown,* 126 AD2d 898, 900, *lv denied* 70 NY2d 703). (Appeal from Order of Supreme Court, Monroe County, Wesley, J.—CPL art 440.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.