■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO SERRATA, Appellant. [690 NYS2d 273] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered February 6, 1996, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant moved pursuant to CPL 330.30 to set aside the verdict on the ground of newly-discovered evidence, consisting of a written statement from the informant who recanted the information used to obtain a search warrant. However, as newly-discovered evidence must do more than merely impeach or contradict evidence introduced at the trial and recantation evidence is inherently unreliable, the trial court did not err in denying the motion without a hearing (*see, People v Salemi,* 309 NY 208, *cert denied* 350 US 950; *People v Cheng,* 232 AD2d 651; *People v Pineda,* 207 AD2d 915; *People v Legette,* 153 AD2d 760).

Viewing the representation provided by defense counsel " 'in its entirety, in conjunction with the evidence, the law, and the circumstances of the case' " (*People v Williams,* 247 AD2d 416; *see also, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Glover,* 165 AD2d 880), the defendant was not deprived of the effective assistance of counsel.

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Johnson,* 245 AD2d 570; *People v Wheeler,* 242 AD2d 310). Ritter, J. P., Friedmann, McGinity and Smith, JJ., concur.