■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent,. v GARY THIBODEAU, Appellant. (Appeal No. 1.) [700 NYS2d 621] —Judgment unanimously affirmed. Memorandum: In these consolidated appeals, defendant appeals from a judgment convicting him upon a jury verdict of kidnapping in the first degree (Penal Law § 135.25 [3]) and sentencing him to an indeterminate term of imprisonment of 25 years to life (appeal No. 1). Defendant also appeals from two orders that, following a hearing, denied his motion to vacate that judgment pursuant to CPL 440.10 (1) (b), (c), (f), (g) and (h) (appeal Nos. 2 and 3).

Defendant contends that County Court erred in admitting hearsay concerning defendant's criminal propensity; that the court erred in refusing to vacate the judgment of conviction on the ground that a 13-year-old witness's testimony was incredible as a matter of law; that defendant was denied his right to be present during a portion of voir dire; that the presumption of death set forth in the kidnapping statute (Penal Law § 135.25 [3]) is unconstitutional; that the evidence is legally insufficient to support defendant's conviction; that defendant was deprived of a fair trial by prosecutorial misconduct; that the prosecution deliberately withheld *Brady* material; that the court's interested witness instruction was unbalanced and improper; that the judgment of conviction should be vacated due to the "grave risk that an innocent man has been convicted"; that defendant's conviction is repugnant to the acquittal of codefendant (defendant's brother) following a separate trial; and that defendant has been denied a fair trial as a result of cumulative error.

Admission of the testimony of the barmaid concerning defendant's statements to her did not violate the hearsay rule (see, Prince, Richardson on Evidence §§ 8-201, 8-202 [Farrell 11th ed]). The evidence nonetheless falls within the exclusionary rule of *People v Molineux* (168 NY 264, 291-294). Although the evidence tended to establish the identity of defendant and his brother as the kidnappers, as well as their complicity and

intent, the slight probative value of the evidence on those issues was outweighed by its prejudicial impact (*see, People v Allweiss*, 48 NY2d 40, 47). There is a danger here that the jury viewed the evidence as establishing defendant's criminal bent or character as an abductor of young women (*see, People v Hudy*, 73 NY2d 40, 54-55; *People v Crandall*, 67 NY2d 111). We nonetheless conclude that the admission of the evidence, together with the failure of the People to give notice of their intention to use it (*see generally, People v Ventimiglia*, 52 NY2d 350, 361-362), is harmless error. There is overwhelming evidence of defendant's guilt and no significant probability that the jury would have acquitted defendant but for the error (*see, People v Crimmins,* 36 NY2d 230, 241-242).

The court did not err in refusing to determine that the testimony of a 13-year-old witness was incredible as a matter of law and in refusing to vacate the judgment of conviction on that basis. The fact that the testimony of the witness was contradicted by her later statements and testimony did not render it incredible as a matter of law (*see, People v Shedrick*, 104 AD2d 263, 274, *affd* 66 NY2d 1015, *rearg denied* 67 NY2d 758). In order to constitute newly discovered evidence, such evidence must not merely impeach or contradict the former evidence (*see, People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950). The rule recognizes that recantation evidence is inherently unreliable (*see, People v Shilitano*, 218 NY 161, 170, *rearg denied* 218 NY 702; *People v Jackson*, 238 AD2d 877, 879, *lv denied* 90 NY2d 859) and insufficient alone to warrant vacating a judgment of conviction (*see, People v Legette,* 153 AD2d 760, *lv denied* 74 NY2d 949). In any event, the witness's recantation is of no consequence; several of defendant's other neighbors likewise observed defendant's brother's van at defendant's house on the morning of the crime.

Reversal is not required as a result of the denial of defendant's right to be present during a portion of voir dire. Where it appears from the record that a prospective juror was excused for cause, the alleged violation of defendant's right to be present will be deemed harmless error because the circumstances would render defendant's input superfluous (*see, People v Maher*, 89 NY2d 318, 325; *People v Hutton*, 88 NY2d 363, 378; *People v Roman*, 88 NY2d 18, 26-28, *rearg denied* 88 NY2d 920). Here, the prospective juror disqualified himself by informing the court that he was unable to consider the evidence impartially and in particular would be unable to put aside his personal relationship with a sworn juror in the event that they disagreed during deliberations. The fact that defense counsel

acquiesced in that decision does not warrant the conclusion that the juror was excused based on defense counsel's " 'discretionary choice to excuse' " that juror (*People v Maher, supra*, at 325). Rather, defense counsel was merely indicating that he had no objection to the court's decision to excuse the prospective juror for cause (*see, People v Hutton, supra*, at 378).

There is no merit to defendant's challenge to the constitutionality of the presumption of death contained in the kidnapping statute (*see*, Penal Law § 135.25 [3]). The statute satisfies the first prong of the constitutional test for vagueness, which requires that the statute sufficiently notify a person of ordinary intelligence of the conduct that is prohibited (*see, People v Bright*, 71 NY2d 376, 382; *People v Cruz*, 48 NY2d 419, 423-424, *appeal dismissed* 446 US 901; *People v Ehinger*, 152 AD2d 97, 100, *lv denied* 75 NY2d 812). Nor is there any merit to defendant's challenge under the second prong of the test for vagueness, which invalidates a criminal statute where it fails to establish " 'boundaries sufficiently distinct' " for police, prosecutors, Judges, and juries to administer the law fairly (*People v Cruz, supra*, at 424, quoting *United States v Petrillo*, 332 US 1, 7), and instead allows for unbridled prosecutorial discretion or arbitrary prosecutions (*see generally, Kolender v Lawson*, 461 US 352, 358; *People v Bright, supra*, at 382-383). The test is more stringent under the NY Constitution than under the US Constitution because it requires " 'a reasonably high degree of probability' that the presumed fact follows from those proved directly" (*People v Leyva*, 38 NY2d 160, 166, quoting *People v McCaleb*, 25 NY2d 394, 404). The statutory presumption involved here is rational under the New York test. Contrary to defendant's suggestion, the statute does not predicate conviction upon the mere fact of a person's disappearance. The statutory presumption of death operates only in those circumstances in which the People establish that the victim has been abducted and subsequently not seen or heard from even though it is "extremely likely" that the victim otherwise would have visited or communicated with family or friends (Penal Law § 135.25 [3]). The statute further requires proof that the victim's family, friends, or other contacts have received "no reliable information * * * persuasively indicating that" the victim remains alive (Penal Law § 135.25 [3]). Those are significant limitations upon prosecutorial discretion (*see, People v Cruz, supra*, at 426-427) and provide strong protection against arbitrary enforcement (*see, People v Bright, supra*, at 379, 382-383).

The evidence is legally sufficient to support defendant's

conviction. Insofar as preserved for our review (*see, People v Gray*, 86 NY2d 10, 19), defendant's contention is that the evidence is legally insufficient to establish that the victim was abducted and that defendant was one of the abductors. We note that this was a mixed direct and circumstantial evidence case and not, as defendant contends, wholly circumstantial. There was direct eyewitness testimony establishing that the victim was abducted from a convenience store. The fact that defendant was one of the abductors was established by his admissions to two jailhouse informants. Defendant's admissions were corroborated by proof establishing the presence of defendant's brother and his van at the store at the time of the kidnapping; by descriptions of the abductors; and by evidence placing defendant and his brother together at various times that morning and the night before, all in contravention of their alibi evidence. There is a valid line of reasoning and permissible inferences that could lead a reasonable person to the conclusion reached by the jury on the basis of the evidence at trial, viewed in the light most favorable to the People (*see, People v Williams*, 84 NY2d 925, 926; *People v Bleakley*, 69 NY2d 490, 495). Insofar as defendant's contentions concerning legal insufficiency are not preserved for our review, we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant was not denied a fair trial by prosecutorial misconduct (*see, People v Olsowske*, 247 AD2d 856, *lv denied* 91 NY2d 1011; *People v Church*, 244 AD2d 953; *People v Edwards*, 167 AD2d 864, *lv denied* 77 NY2d 877). Defendant has failed to establish a *Brady* violation with respect to the withholding of the victim's diaries or of the prosecution's alleged cooperation agreement with the jailhouse informant. The interested witness instruction was not erroneous. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oswego County Court, Clary, J.—Kidnapping, 1st Degree.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.