conviction. Insofar as preserved for our review (*see, People v Gray*, 86 NY2d 10, 19), defendant's contention is that the evidence is legally insufficient to establish that the victim was abducted and that defendant was one of the abductors. We note that this was a mixed direct and circumstantial evidence case and not, as defendant contends, wholly circumstantial. There was direct eyewitness testimony establishing that the victim was abducted from a convenience store. The fact that defendant was one of the abductors was established by his admissions to two jailhouse informants. Defendant's admissions were corroborated by proof establishing the presence of defendant's brother and his van at the store at the time of the kidnapping; by descriptions of the abductors; and by evidence placing defendant and his brother together at various times that morning and the night before, all in contravention of their alibi evidence. There is a valid line of reasoning and permissible inferences that could lead a reasonable person to the conclusion reached by the jury on the basis of the evidence at trial, viewed in the light most favorable to the People (*see, People v Williams*, 84 NY2d 925, 926; *People v Bleakley*, 69 NY2d 490, 495). Insofar as defendant's contentions concerning legal insufficiency are not preserved for our review, we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant was not denied a fair trial by prosecutorial misconduct (*see, People v Olsowske*, 247 AD2d 856, *lv denied* 91 NY2d 1011; *People v Church*, 244 AD2d 953; *People v Edwards*, 167 AD2d 864, *lv denied* 77 NY2d 877). Defendant has failed to establish a *Brady* violation with respect to the withholding of the victim's diaries or of the prosecution's alleged cooperation agreement with the jailhouse informant. The interested witness instruction was not erroneous. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oswego County Court, Clary, J.—Kidnapping, 1st Degree.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ The People of the State of New York, Respondent, v Gary Thibodeau, Appellant. (Appeal No. 2.) [700 NYS2d 924] —Order unanimously affirmed. Same Memorandum as in *People v Thibodeau* ([appeal No. 1] 267 AD2d 952 [decided herewith]). (Appeal from Order of Oswego County Court, Clary, J.—CPL art 440.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ The People of the State of New York, Respondent, v Gary Thibodeau, Appellant. (Appeal No. 3.) [700 NYS2d 924] —Or-

der unanimously affirmed. Same Memorandum as in·*People v Thibodeau* ([appeal No. 1] 267 AD2d 952 [decided herewith]). (Appeal from Order of Oswego County Court, Clary, J.—CPL art 440.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ In the Matter of SOUTH TOWN POLICE CLUB, INC., et al., Respondents, v TOWN OF HAMBURG et al., Appellants. [700 NYS2d 924] —Judgment unanimously reversed on the law without costs and amended petition dismissed. Memorandum: This CPLR article 78 proceeding in the nature of prohibition arises from respondents' attempt to question petitioner Louis J. Billittier outside the presence of his attorney concerning allegations of misconduct in his employment as a Town of Hamburg police officer. "Prohibition does not issue where the grievance can be redressed by ordinary proceedings at law or in equity, such as by appeal, motion or other ordinary applications" (*Matter of Dondi v Jones,* 40 NY2d 8, 14, *rearg denied* 39 NY2d 1058). There is an adequate remedy at law in the event that respondents discipline a police officer for refusing to cooperate with a misconduct investigation (*see, e.g., May v Shaw,* 58 AD2d 807, *lv denied* 42 NY2d 808; *see also, McGillicuddy v Monaghan,* 280 App Div 144). (Appeal from Judgment of Supreme Court, Erie County, Glownia, J.—CPLR art 78.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ MARSHA L. MINKLER, Appellant, v ROY D. MINKLER, Respondent. [700 NYS2d 923] —Judgment insofar as appealed from unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals *pro se* from five decretal paragraphs concerning financial matters in a judgment of divorce entered without either a signed agreement or the taking of sworn testimony. Although defendant took a cross appeal, he neither perfected it nor filed a respondent's brief. The informal procedure used, apparently involving a lengthy conference in chambers with the Judge, plaintiff, defendant's attorney and the Law Guardian, followed by further discussion and rulings by the court on the record, is without legal validity. Thus, we reverse the order insofar as appealed from and remit the matter to Supreme Court for resolution of those issues either by an agreement in a form that would comply with Domestic Relations Law § 236 (B) (3) if made before or during the marriage or on the basis of sworn testimony. (Appeal from Judgment of Supreme Court, Erie County, NeMoyer, J.—Matrimonial.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.