conviction. Insofar as preserved for our review (*see, People v Gray*, 86 NY2d 10, 19), defendant's contention is that the evidence is legally insufficient to establish that the victim was abducted and that defendant was one of the abductors. We note that this was a mixed direct and circumstantial evidence case and not, as defendant contends, wholly circumstantial. There was direct eyewitness testimony establishing that the victim was abducted from a convenience store. The fact that defendant was one of the abductors was established by his admissions to two jailhouse informants. Defendant's admissions were corroborated by proof establishing the presence of defendant's brother and his van at the store at the time of the kidnapping; by descriptions of the abductors; and by evidence placing defendant and his brother together at various times that morning and the night before, all in contravention of their alibi evidence. There is a valid line of reasoning and permissible inferences that could lead a reasonable person to the conclusion reached by the jury on the basis of the evidence at trial, viewed in the light most favorable to the People (*see, People v Williams*, 84 NY2d 925, 926; *People v Bleakley*, 69 NY2d 490, 495). Insofar as defendant's contentions concerning legal insufficiency are not preserved for our review, we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

Defendant was not denied a fair trial by prosecutorial misconduct (*see, People v Olsowske*, 247 AD2d 856, *lv denied* 91 NY2d 1011; *People v Church*, 244 AD2d 953; *People v Edwards*, 167 AD2d 864, *lv denied* 77 NY2d 877). Defendant has failed to establish a *Brady* violation with respect to the withholding of the victim's diaries or of the prosecution's alleged cooperation agreement with the jailhouse informant. The interested witness instruction was not erroneous. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Oswego County Court, Clary, J.—Kidnapping, 1st Degree.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY THIBODEAU, Appellant. (Appeal No. 2.) [700 NYS2d 924] —Order unanimously affirmed. Same Memorandum as in *People v Thibodeau* ([appeal No. 1] 267 AD2d 952 [decided herewith]). (Appeal from Order of Oswego County Court, Clary, J.—CPL art 440.) Present—Denman, P. J., Pine, Hayes, Wisner and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY THIBODEAU, Appellant. (Appeal No. 3.) [700 NYS2d 924] —Or-