■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SMALLS, Appellant. [894 NYS2d 791]—

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered April 25, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the first degree (Penal Law § 120.10 [2]). We reject the contention of defendant that he was denied his right to effective assistance of counsel based on the failure of defense counsel to challenge the qualifications of the two medical witnesses. Defense counsel's primary strategy was to establish that defendant did not intend to disfigure the victim and that his conduct was justified, and defense counsel pursued that strategy through, inter alia, vigorous cross-examination of the victim. Defendant thus failed " 'to demonstrate the absence of strategic or other legitimate explanations' for [defense] counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [1998]; *see People v Becoats*, 62 AD3d 1257 [2009], *lv denied* 12 NY3d 912 [2009]). Moreover, defendant has failed to cite any authority to support his contention that only a plastic surgeon is qualified to testify concerning the seriousness and permanency of an allegedly disfiguring injury. Viewing the evidence, the law and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We further conclude that County Court properly allowed the People to present evidence of defendant's prior assaults against the victim. "Unlike evidence of general criminal propensity, evidence that a particular victim was the focus of a defendant's aggression may be highly relevant" (*People v Ebanks*, 60 AD3d 462, 462 [2009], *lv denied* 12 NY3d 924 [2009]). Here, the prior incidents in which defendant bit the victim were relevant to establish the assaultive nature of their relationship and defendant's intent (*see People v Meseck*, 52 AD3d 948, 950 [2008]; *People v Williams*, 29 AD3d 1217, 1219 [2006], *lv denied* 7 NY3d

797 [2006]; *People v Jones*, 289 AD2d 1010 [2001], *lv denied* 97 NY2d 756 [2002]). The court properly balanced the probative value of the evidence against its potential for prejudice (*see People v Mosley*, 55 AD3d 1371 [2008], *lv denied* 11 NY3d 856 [2008]), and its instructions to the jury minimized any prejudicial effect.

Contrary to defendant's contention, we conclude that the court properly admitted in evidence photographs of the victim's injury. "[P]hotographs are admissible if they tend to prove or disprove a disputed or material issue . . . [and] should be excluded only if [their] *sole purpose* is to arouse the emotions of the jury and to prejudice the defendant" (*People v Wood*, 79 NY2d 958, 960 [1992] [internal quotation marks omitted]). Here, the photographs were relevant to an element of assault in the first degree, i.e., serious and permanent disfigurement (Penal Law § 120.10 [2]), and thus it cannot be said that their sole purpose was "to arouse the emotions of the jury and to prejudice the defendant" (*Wood*, 79 NY2d at 960 [internal quotation marks omitted]; *see People v Quijano*, 240 AD2d 186 [1997], *lv denied* 90 NY2d 942 [1997]).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish permanent disfigurement inasmuch as he did not renew his motion for a trial order of dismissal after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review his contention that the People failed to present legally sufficient evidence to disprove his justification defense because he did not move for a trial order of dismissal on that ground (*see generally People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crime of assault as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, we reject the contention of defendant that the court abused its discretion in denying his motion pursuant to CPL 330.30 without conducting a hearing. Defendant's motion was based solely upon the allegation that the victim recanted her trial testimony and admitted that she bit defendant before he bit her. It is well established that "recantation evidence is inherently unreliable . . . and insufficient alone to warrant [setting aside the verdict]" (*People v Thibodeau*, 267 AD2d 952, 953 [1999], *lv denied* 95 NY2d 805 [2000]; *see People v Jackson*, 238

AD2d 877, 879 [1997], *lv denied* 90 NY2d 859 [1997]). In any event, the victim testified at trial that she was the initial aggressor, and it therefore "is not probable that defendant would receive a more favorable verdict at a retrial if [the victim] testified in accordance with [her alleged statement to defense counsel recanting her trial testimony]" (*Jackson*, 238 AD2d at 878).

We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.