# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**103**

**KA 07-00779**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BENJAMIN RIVERA, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

MULDOON & GETZ, ROCHESTER (GARY MULDOON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BENJAMIN RIVERA, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF
COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Alex R. Renzi, J.), entered March 14, 2007. The order denied defendant's motions pursuant to CPL 440.10 to vacate the judgment convicting defendant of murder in the second degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from an order of County Court (Renzi, J.) denying his CPL 440.10 motions to vacate the judgment of County Court (Wisner, J. [hereafter, trial court]) in appeal No. 2, convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]). We note at the outset that, following our prior affirmance of that judgment convicting defendant of murder (*People v Rivera,* 170 AD2d 962, *lv denied* 77 NY2d 999), defendant moved for a writ of error coram nobis. He contended that he was denied effective assistance of appellate counsel because defense counsel failed to raise an issue on direct appeal that would have resulted in reversal, i.e., that the trial court's jury instruction distorted the "course and furtherance" element of felony murder. We concluded that the issue may have merit and granted the motion (*People v Rivera,* 52 AD3d 1290), and we thus now consider de novo defendant's appeal from the judgment in appeal No. 2.

Addressing first appeal No. 2, we affirm the judgment. Defendant contends that, in its jury instructions, the trial court misstated an element of felony murder such that reversal is required. The felony murder statute provides in relevant part that "[a] person is guilty of

murder in the second degree when . . .[, a]cting either alone or with one or more other persons, he commits or attempts to commit [an enumerated felony], and, *in the course of and in furtherance* of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants" (Penal Law § 125.25 [3] [emphasis added]).  In its main charge and its supplemental instructions, the trial court erroneously used the phrase "in the course of *or* in furtherance of such crime," thereby replacing the term "and" with "or."  Defendant, however, failed to preserve that contention for our review because he never objected to the error (*see People v Griffin*, 48 AD3d 1233, 1236, *lv denied* 10 NY3d 840).  Defendant further contends that the trial court violated CPL 310.30 by responding to a question from a juror without first consulting with counsel.  Because defense counsel was aware of both the inquiry from the juror and the trial court's response thereto, she was required to object to the trial court's procedure in responding to the question in order to preserve defendant's contention for our review, and she failed to do so (*see People v Ramirez*, 15 NY3d 824, 825-826; *People v Peller*, 8 AD3d 1123, 1123-1124, *lv denied* 3 NY3d 679).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Addressing next appeal No. 1, we conclude that County Court properly denied defendant's motions seeking to vacate the judgment of conviction in appeal No. 2.  Contrary to defendant's contention, he did not receive ineffective assistance of counsel based on defense counsel's failure to call an accomplice as a witness to testify at trial.  Defense counsel's alternative decision to request a missing witness instruction with respect to that witness was a legitimate trial strategy (*see People v McCrone*, 12 AD3d 848, 850, *lv denied* 4 NY3d 800; *see generally People v Benevento*, 91 NY2d 708, 712-713), and the trial court in fact granted that request.  Also contrary to defendant's contention, there was no *Brady* violation based on the People's alleged failure to provide him with that accomplice's plea colloquy.  "The People are not required to turn over evidence where, as here, defendant 'knew of, or should reasonably have known of, the evidence and its exculpatory nature' " (*People v Singleton*, 1 AD3d 1020, 1021, *lv denied* 1 NY3d 580).  Finally, County Court properly denied the motions to the extent that they sought to vacate the judgment on the ground of newly discovered evidence, i.e., a written statement by another accomplice.  The motions, which were made almost three years after the written statement was issued, were not made with the requisite due diligence after the discovery of that evidence (*see People v Kandekore*, 300 AD2d 318, 319, *lv denied* 99 NY2d 616, *cert denied* 540 US 896).  We note in any event that the statement, which contradicted the accomplice's prior statement to the police, was inherently unreliable recantation testimony and thus was insufficient by itself to warrant vacatur of the judgment (*see People v*

*Thibodeau*, 267 AD2d 952, 953, *lv denied* 95 NY2d 805; *People v Jackson*, 238 AD2d 877, 878-879, *lv denied* 90 NY2d 859).

Entered:  March 25, 2011                          Patricia L. Morgan
                                                  Clerk of the Court