# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

642

KA 11-01705

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHRISTOPHER SMITH, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

--------------------------------------------------------------------------------

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Anthony F. Aloi, J.), dated June 23, 2011. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirmed defendant's conviction on appeal (*People v Smith*, 90 AD3d 1565, *lv denied* 18 NY3d 998). While his direct appeal was pending, defendant moved pursuant to CPL 440.10 (1) (g) to vacate the judgment of conviction on the ground of newly discovered evidence, to wit, an affidavit from his codefendant stating that defendant was not involved in the crimes. County Court denied the motion without a hearing, ruling that the affidavit did not constitute newly discovered evidence. We affirm.

It is well settled that on a motion to vacate a judgment of conviction based on newly discovered evidence, the movant must establish, inter alia, that "there is newly discovered evidence: (1) which will probably change the result if a new trial is granted; (2) which was discovered since the trial; (3) which could not have been discovered prior to trial; (4) which is material; (5) which is not cumulative; and[] (6) which does not merely impeach or contradict the record evidence" (*People v Madison*, 106 AD3d 1490, 1492 [internal quotation marks omitted]; *see People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950). Here, it is not probable that defendant

would receive a more favorable verdict at a retrial if the codefendant testified in accordance with his affidavit (*see People v Jackson*, 238 AD2d 877, 878, *lv denied* 90 NY2d 859).  It is undisputed that defendant was driving the codefendant when the codefendant shot the victim, and no one else was in the car.  Moreover, it is unclear whether a jury would credit, upon a retrial, the codefendant's exculpatory testimony in light of the fact that the codefendant already pleaded guilty to assault in the first degree, was the individual who shot and injured the victim, did not provide the exculpatory statement until years after the trial, and provided that statement while serving his sentence at the same correctional facility as defendant.

Additionally, defendant failed to meet his burden of establishing that such exculpatory evidence could not have been discovered before trial by the exercise of due diligence (*see Salemi*, 309 NY at 216; *see also People v Grotto*, 241 AD2d 785, 786-787, *lv denied* 90 NY2d 940).  According to the codefendant, he refused to testify on defendant's behalf because he was angry with defendant for getting him arrested, and he was afraid of jeopardizing his plea deal and thus wanted to assert his Fifth Amendment rights.  Defendant, however, never submitted an affidavit from his trial counsel affirming that counsel attempted to speak with the codefendant and that the codefendant refused to cooperate, nor did defendant explain his failure to do so (*see generally People v Ozuna*, 7 NY3d 913, 915).  Moreover, although "the affidavit of a codefendant who had previously exercised his [Fifth] Amendment right not to testify may constitute newly discovered evidence" (*People v Beach*, 186 AD2d 935, 936), here the codefendant never actually exercised his Fifth Amendment rights.  In any event, the codefendant's assertion in his affidavit that he would have exercised those rights due to his concerns regarding his plea deal is of no moment inasmuch as he had already pleaded guilty and received his sentence weeks before defendant was tried.

Finally, "[i]n order to constitute newly discovered evidence, such evidence must not merely impeach or contradict the former evidence . . . The rule recognizes that recantation evidence is inherently unreliable . . . and insufficient alone to warrant vacating a judgment of conviction" (*People v Thibodeau*, 267 AD2d 952, 953, *lv denied* 95 NY2d 805).  During his plea colloquy, the codefendant stated that he acted in concert with another man, and it is undisputed that defendant was the only other man present during the crime.  The codefendant did not explain in his affidavit why he was recanting what he initially stated during his plea colloquy, i.e., that defendant was involved in the crime.  In light of the above, the court properly determined that the codefendant's affidavit does not constitute newly discovered evidence and therefore properly denied the CPL 440.10 motion without a hearing (*see Jackson*, 238 AD2d at 878-879).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court