People v Ibrahim (2021 NY Slip Op 02905)





People v Ibrahim


2021 NY Slip Op 02905


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


303 KA 20-01369

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BAJHAT IBRAHIM, DEFENDANT-APPELLANT. 






KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered February 11, 2020. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and one count of criminally using drug paraphernalia in the second degree (§ 220.50 [3]). The case arose from an incident in which a New York State Trooper stopped a vehicle in which defendant was a passenger. The Trooper searched the vehicle and discovered scales covered in a white, powdery substance. Defendant began walking away from the scene, and the Trooper ordered him to return to the area by the vehicle. Around that time, a second Trooper arrived at the traffic stop. Defendant refused orders to remove his hands from his pockets. When the Troopers tried to remove defendant's hands from his pockets, a scuffle ensued and a bag containing over half an ounce of cocaine fell to the ground.
Defendant contends that County Court erred in refusing to suppress the cocaine. More particularly, defendant contends that the Trooper unlawfully stopped the vehicle and lacked the reasonable suspicion necessary to order defendant to return to the area by the vehicle when he tried to walk away. We reject those contentions. When reviewing a suppression ruling following a hearing, the credibility determinations of the hearing court are entitled to great deference (see People v Jemison, 158 AD3d 1310, 1310 [4th Dept 2018], lv denied 31 NY3d 1083 [2018]; People v Holley, 126 AD3d 1468, 1469 [4th Dept 2015], lv denied 27 NY3d 965 [2016]). The Trooper testified at the suppression hearing that he stopped the vehicle after he observed it traveling 10 miles per hour over the speed limit, thereby establishing a lawful stop based on probable cause that the driver had committed a traffic violation (see People v Hinshaw, 35 NY3d 427, 430 [2020]). Because the vehicle was lawfully stopped, the Trooper was justified in ordering the driver and defendant out of the vehicle as a safety precaution (see People v Robinson, 74 NY2d 773, 774-775 [1989], cert denied 493 US 966 [1989]). The driver thereafter gave the Trooper unsolicited consent to search the vehicle. While searching the vehicle, the Trooper found a set of scales covered in a white, powdery substance, thus providing the Trooper with reasonable suspicion that defendant was involved in the commission of a crime (cf. People v Greene, 135 AD2d 449, 451 [1st Dept 1987], lv denied 70 NY2d 1006 [1988]; see generally People v De Bour, 40 NY2d 210, 223 [1976]).
Contrary to defendant's further contention, the conviction is based on legally sufficient evidence. We conclude that there is a valid line of reasoning and permissible inferences that [*2]could lead a rational jury to find the elements of the crimes proved beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), and affording great deference to the jury's credibility determinations (see People v Romero, 7 NY3d 633, 644 [2006]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve for our review his contention that he was deprived of a fair trial by the court's questioning of the People's expert witness inasmuch as he failed to make a timely objection to the court's allegedly improper line of questioning (see People v Charleston, 56 NY2d 886, 887 [1982]; People v Pham, 178 AD3d 1438, 1438 [4th Dept 2019], lv denied 35 NY3d 943 [2020]). In any event, the contention lacks merit. The court was " 'entitled to question [the] witness[ ] to clarify testimony and to facilitate the progress of the trial and to elicit relevant and important facts' " (Pham, 178 AD3d at 1438), and we conclude that the court "did not improperly 'take[] on either the function or appearance of an advocate' " (id., quoting People v Arnold, 98 NY2d 63, 67 [2002]). Contrary to defendant's related contention, we conclude that defense counsel was not ineffective for failing to object to the court's questions or for any other reason raised by defendant (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's contention, the court properly denied his postverdict motion pursuant to CPL 330.30 seeking a new trial on the ground of newly discovered evidence. Defendant failed to prove that the purported newly discovered evidence "will probably change the result if a new trial is granted" (People v Lundy, 178 AD3d 1389, 1391 [4th Dept 2019], lv denied 35 NY3d 994 [2020]; see People v Smith, 108 AD3d 1075, 1076 [4th Dept 2013], lv denied 21 NY3d 1077 [2013]).
We agree with defendant that the uniform sentence and commitment sheet incorrectly indicates that he is a second felony offender rather than a second felony drug offender, and therefore it must be modified to correct the error (see People v Jackson, 108 AD3d 1079, 1081 [4th Dept 2013], lv denied 22 NY3d 997 [2013]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court