People v Socciarelli (2022 NY Slip Op 01713)





People v Socciarelli


2022 NY Slip Op 01713


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1165 KA 19-01167

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL W. SOCCIARELLI, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered April 25, 2019. The judgment convicted defendant upon a jury verdict of rape in the first degree, criminal sexual act in the first degree, rape in the third degree, sexual abuse in the first degree and criminal sexual act in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with one another, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, rape in the first degree (Penal Law § 130.35 [2]) and criminal sexual act in the first degree
(§ 130.50 [2]), which stemmed from his conduct with a minor who was physically helpless due to extreme intoxication. Contrary to defendant's contention, County Court did not err in refusing to suppress, as involuntary, statements he made to law enforcement (see generally CPL 60.45 [2] [a], [b] [i]). As the basis for his contention, defendant identifies an investigator's statement that the police would be "going on the assumption" that defendant forcibly raped the victim, which amounted to a "big difference in the law," unless defendant provided his explanation of events. Defendant thus contends that he was coerced into confessing. We reject that contention. The investigator's statement was a "generalized comment to defendant regarding the benefits of cooperating with the police" (People v Woods, 93 AD3d 1287, 1288 [4th Dept 2012], lv denied 19 NY3d 969 [2012]), which did not create any "undue pressure" (CPL 60.45 [2] [a]) or "a substantial risk that . . . defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]; see People v Clark, 194 AD3d 948, 951 [2d Dept 2021], lv denied 37 NY3d 991 [2021]).
We conclude that defendant waived his contention that the court erred in responding to two jury notes when the court provided the exact response requested by the defense (see People v Capella, 180 AD3d 498, 499 [1st Dept 2020], lv denied 35 NY3d 968 [2020]; People v Backus, 67 AD3d 1428, 1429 [4th Dept 2009], lv denied 13 NY3d 936 [2010]). Defendant " 'ought not be allowed to take the benefit of the favorable charge and complain about it on appeal' " (People v Shaffer, 66 NY2d 663, 665 [1985]; see People v O'Neill, 169 AD3d 1515, 1515 [4th Dept 2019]). We further conclude that defendant failed to preserve for our review his contention that he was denied a fair trial by instances of prosecutorial misconduct inasmuch as "defendant did not object to any of those alleged instances at trial" (People v Lostumbo, 182 AD3d 1007, 1009 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]; see People v Streeter, 166 AD3d 1509, 1510 [4th Dept 2018], lv denied 32 NY3d 1210 [2019]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Standsblack, 162 AD3d 1523, 1527 [4th Dept 2018], lv denied 32 NY3d 1008 [2018]).
We agree with defendant, and the People correctly conceded at trial, that the prosecutor's delay in disclosing a video that was provided to an investigator by a witness constituted a Rosario violation inasmuch as the video "was in the actual possession of a law enforcement agency" (People v Washington, 86 NY2d 189, 192 [1995]). Contrary to defendant's contention, however, the court did not err in denying his request for a mistrial. Where, as here, there is an issue of delayed disclosure of Rosario material, reversal is required only "if the defense is substantially prejudiced by the delay" (People v Martinez, 71 NY2d 937, 940 [1988]; see People v Lluveres, 15 AD3d 848, 849 [4th Dept 2005], lv denied 5 NY3d 807 [2005]). Here, the court gave the defense additional time to review the evidence and the opportunity to recall witnesses for further cross-examination (see People v Gardner, 26 AD3d 741, 741 [4th Dept 2006], lv denied 6 NY3d 848 [2006]). Under the circumstances, "defendant has not made the necessary showing of substantial prejudice" (People v Walters, 124 AD3d 1321, 1323 [4th Dept 2015], lv denied 25 NY3d 1209 [2015]).
We also reject defendant's contention that a mistrial was warranted as the result of an alleged Brady violation. Even assuming, arguendo, that the evidence on the video could be deemed exculpatory, we conclude that a mistrial was not warranted "inasmuch as defendant received the material in time for its meaningful and effective use at trial" (People v Hines, 132 AD3d 1385, 1385 [4th Dept 2015], lv denied 26 NY3d 1109 [2016]). Moreover, defendant knew or should have known of the existence of the video as well as the nature of its contents inasmuch as the video itself leaves no doubt that defendant knew he was being recorded (see People v LaValle, 3 NY3d 88, 110 [2004]; People v Rivera, 82 AD3d 1590, 1592 [4th Dept 2011], lv denied 17 NY3d 800 [2011]).
We likewise conclude that, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although defendant contends that he was denied effective assistance of counsel based on several alleged errors, we reject that contention. Viewing the evidence, the law and the circumstances of the case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, defendant contends that the aggregate sentence of 32 years' imprisonment is unduly harsh and severe because he has no prior sex offenses on his criminal record and the People's preindictment plea offer contemplated a 10-year sentence, which was increased to 15 years postindictment. We agree and therefore modify the judgment as a matter of discretion in the interest of justice by directing that all of the sentences shall run concurrently with one another (see CPL 470.15 [6] [b]), which results in an aggregate term of imprisonment of 25 years plus 25 years of postrelease supervision.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court