■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROOKS, Appellant. [729 NYS2d 459] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered August 25, 1998, convicting defendant, after a jury trial, of burglary in the second degree, intimidating a witness in the third degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second violent felony offender, to a term of 15 years on the burglary conviction, consecutive to a term of 2 to 4 years on the witness intimidation conviction and concurrent with a term of 1 year on the stolen property conviction, unanimously modified, on the law, to the extent of reducing the sentence on the burglary conviction to a term of 12 years, and otherwise affirmed. Order, same court and Justice, entered on or about April 7, 2000, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

Defendant failed to submit facts sufficient to warrant a hearing on whether the complainant was acting as a police agent when he recorded a telephone call he received from defendant during the pendency of the case (see, People v Bent, 160 AD2d 1176, lv denied 76 NY2d 937). Defendant's claim of police involvement was based on a concededly erroneous factual premise. Defendant's further claim that police involvement is suggested by the complainant's apparent design to elicit damaging admissions from defendant rests on speculation. Inasmuch as the People represented that the recording was not made with police involvement, and there was no showing to the contrary, the court's inquiry was sufficient and an evidentiary hearing was not required.

Defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708,. 713-714). Defendant's attack on counsel's decision not to call a witness is, at most, a disagreement over trial tactics that does not indicate ineffectiveness (*see, People v Thomas*, 244 AD2d 271, *lv denied* 91 NY2d 898). As we view the record, there was a real risk that this witness, interviewed by counsel, would have furnished testimony damaging to defendant's position. In any event, counsel's failure to call this witness could not have deprived defendant of a fair trial.

As the People concede, the court improperly increased defendant's sentence on the burglary conviction from 12 years to 15 years when defendant refused to sign an order of protection as evidence of his receipt thereof (*see, People v Culpepper*, 33 NY2d 837, *cert denied* 417 US 916).

Defendant's remaining contentions are unpreserved (*see, People v Brown*, 81 NY2d 798; *People v Rogelio*, 79 NY2d 843; *People v Borrello*, 52 NY2d 952), and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J. P., Ellerin, Wallach, Rubin and Buckley, JJ.