(January 30, 2003)

**1** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON SMITH, Appellant. [755 NYS2d 31] —Appeal from judgment, Supreme Court, New York County (William Wetzel, J.), rendered February 6, 1998, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a prison term, held in abeyance, and the matter remanded for a

hearing and decision de novo on defendant's motion to vacate the judgment, as provided herein. Order, same court and Justice, entered on or about July 27, 2001, which denied defendant's motion to vacate the aforesaid judgment pursuant to CPL 440.10, unanimously reversed, on the law, the order vacated, and the matter remanded for a hearing and decision de novo on the motion.

Defendant, charged with committing a robbery in a subway, raised the affirmative defense of insanity. Although defendant's trial attorney retained a psychiatrist to offer expert testimony in support of the defense and announced his intention to offer psychiatric testimony in his opening statement at trial, the attorney ultimately did not call the psychiatrist to testify. Instead, the attorney offered defendant's own testimony and the records of his psychiatric treatment to support the insanity defense. The jury rejected the defense and convicted defendant.

After his conviction, defendant moved to set aside his conviction pursuant to CPL 440.10, asserting that he had received ineffective assistance of counsel at trial. In support of the motion, defendant offered an affidavit of the psychiatrist his trial attorney had retained. The psychiatrist stated in his affidavit that, consistent with his pretrial written report to defendant's attorney, he was prepared to testify to the opinion that defendant's conduct in the subject incident had been a response to psychotic delusions. The psychiatrist further stated, however, that after he discussed the substance of his report with defendant's attorney on one occasion after the attorney received the report, the attorney never contacted him to inform him of the trial date, to schedule his appearance at trial, or to prepare him for his testimony.

In opposition to the motion, the People submitted an affidavit by defendant's trial attorney, who stated that, after consulting with defendant, he had determined not to call the psychiatrist in response to an unexpected development at trial, namely, testimony by a surprise civilian witness called by the People. This witness, whom the attorney believed to be highly credible, testified that he had apprehended defendant in the act of committing the robbery, and that, while the witness was restraining defendant and awaiting the arrival of the police, defendant had offered to split the stolen money in exchange for being released. The attorney explained that, in his view, the psychiatrist could not have addressed the surprise witness's testimony as effectively as defendant himself, and that he intended to explain in summation the decision not to offer the promised psychiatric testimony. The trial court found the at-

torney's explanation sufficient, and denied the motion without holding a hearing.

We reverse and remand for a hearing on the motion to vacate. On the record before us, an issue of fact exists as to whether the omission to call the psychiatrist to testify was actually based on a "reasonable and legitimate strategy * * * even if [one that was ultimately] unsuccessful" (*People v Benevento*, 91 NY2d 708, 713) for dealing with an unexpected adverse situation, or, alternatively, was simply the result of the attorney's neglect of the case prior to trial, for which he now seeks to provide an after-the-fact rationalization. This issue cannot be resolved on affidavits alone, but only after a hearing at which testimony is received, affording the court a basis on which to make credibility determinations.

We have considered, and find unavailing, defendant's other arguments in support of his appeal from the denial of the motion to vacate the conviction. Finally, defendant's appeal from the underlying judgment of conviction must be held in abeyance pending receipt of the posthearing decision on the motion to vacate. Concur—Nardelli, J.P., Tom, Rosenberger, Wallach and Friedman, JJ.