■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO CINTRON, Appellant. [763 NYS2d 11] —Order, Supreme Court, Bronx County (John Byrne, J.), entered on or about January 22, 2002, which denied defendant's motion pursuant to CPL 440.10 (1) (g) to vacate, on the ground of newly

discovered evidence, a judgment of the same court (William Wallace, J.), rendered June 12, 1992, convicting defendant, after a jury trial, of murder in the second degree, unanimously affirmed.

The court properly denied defendant's CPL 440.10 motion without a hearing (*see People v Salemi*, 309 NY 208, 215-216 [1955], *cert denied* 350 US 950 [1956]; *People v Bermudez*, 243 AD2d 367 [1997], *lv denied* 92 NY2d 847 [1998]). This motion was based primarily on an affidavit by the People's main trial witness, recanting his inculpatory testimony. Notwithstanding the absence of an evidentiary hearing, the totality of the parties' submissions along with the trial record warrant a factual finding that the recantation is totally unreliable. Since the recantation is not reliable, the court did not deprive defendant of due process by denying his motion.

As has been aptly held, "[t]here is no form of proof so unreliable as recanting testimony" (*People v Shilitano*, 218 NY 161, 170 [1916]). We note that the witness's affidavit here was made almost 10 years after defendant's conviction, and after the witness had become an inmate of the same prison system in which defendant is incarcerated. Furthermore, the affidavit's account of the incident in question is incredible both on its face and in light of trial testimony. The credibility of this affidavit is further undermined by the fact that it features accusations of gross misconduct committed by the trial prosecutor, which accusations were highly improbable and were specifically denied by the former prosecutor in a detailed affirmation.

The recantation affidavit was not corroborated by the other affidavits submitted by defendant. The two affidavits that purportedly established the recanting witness's direction of travel at the time of the incident were of dubious credibility, but even if believed they would not establish that the recanting witness could not have seen the murder, and would not provide any other persuasive corroboration for his recantation. The last affidavit, alleging that the authorities pressured the affiant to give false testimony against defendant, which he ultimately declined to do, was not newly discovered and was entirely incredible, as the court record clearly establishes that this witness declined to testify out of fear of defendant. Concur—Buckley, P.J., Ellerin, Williams and Marlow, JJ.