■ The People of the State of New York, Respondent, v William Coleman, Appellant. [781 NYS2d 510]—

Order, Supreme Court, Bronx County (John Byrne, J.), entered December 5, 2002, which denied, without a hearing, defendant's motion to vacate his judgment of conviction, pursuant to CPL 440.10, unanimously reversed, on the law, the order vacated and the matter remanded for a hearing and decision de novo on the motion.

In his pro se motion to vacate his conviction pursuant to CPL 440.10, defendant asserted an ineffective assistance of counsel claim other than that which he raised, or could have raised, on his direct appeal. He claimed that his attorney had failed to call as alibi witnesses the mother and sisters of his one alibi witness, Andre Grier, as well as defendant's girlfriend, although the rest of Grier's family had been present with him in the Grier's apartment at the time of the shooting, and although defendant's girlfriend had notified defense counsel of their existence and willingness to testify.

In contrast to cases such as *People v Ford* (46 NY2d 1021 [1979]) and *People v Sussman* (298 AD2d 205 [2002], *lv denied* 99 NY2d 585 [2003]), in which such motions lacked proper evidentiary support, defendant's motion was fully supported by affidavits of the witnesses which contained the substance of their proposed testimony, and an affidavit swearing that trial counsel

had been informed of their existence and willingness to testify; these papers are sufficient to avoid the application of CPL 440.30 (4) (b). While the People submitted an affirmation by trial counsel contradicting the claim that he was informed of these potential witnesses, this affidavit does not amount to the type of "unquestionable documentary proof" which conclusively refutes the affidavits submitted by defendant, as required for application of CPL 440.30 (4) (c); it merely leaves a question of fact to be addressed at a hearing. Nor does Andre Grier's failure to mention in his testimony that other members of his family were present in the apartment that day amount to a conclusive refutation of the substance of the affidavits submitted by defendant.

Although counsel may have proceeded appropriately based upon the information made known to him, or, alternatively, it may have been an appropriate strategic decision for defense counsel to decline to call additional alibi witnesses (*see e.g. People v Brooks*, 283 AD2d 367 [2001], *lv denied* 96 NY2d 916 [2001]), the issue presented here is whether a hearing should have been conducted on the defendant's CPL 440.10 motion, not whether the motion should have been granted.

As in *People v Park* (211 AD2d 828 [1995], *lv denied* 86 NY2d 739 [1995]), it was error to summarily deny defendant's motion to vacate the judgment of conviction. Issues of fact requiring a hearing exist as to the extent of counsel's knowledge of the proposed alibi witnesses and whether counsel's omission to contact and call the witnesses to testify at defendant's trial constituted ineffective assistance of counsel (*see People v Smith*, 301 AD2d 471 [2003]). Concur—Buckley, P.J., Andrias, Saxe, Lerner and Friedman, JJ.