■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID K. WONG, Appellant. [784 NYS2d 158]—

Mugglin, J. Appeals (1) by permission, from an order of the County Court of Clinton County (McGill, J.), entered March 5, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of murder in the second degree, without a hearing, and (2) by permission, from an order of said court (Lawliss, J.), entered October 1, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, after a hearing.

Defendant challenges the denial of two separate CPL 440.10 motions seeking to vacate his 1987 second degree murder conviction for fatally stabbing a fellow inmate at Clinton Correctional Facility in Clinton County. We first address the latter of the two motions upon which County Court held a hearing to consider an application based on new evidence. Pursuant to CPL 440.10 (1) (g), the court in which judgment has been entered may vacate the judgment on the ground that: "New evidence has been discovered since the entry of a judgment based upon a verdict of guilty after trial, which could not have been produced by the defendant at the trial even with due diligence on his part and which is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant; provided that a motion based upon such ground must be made with due diligence after the discovery of such alleged new evidence." County Court, assuming without finding that all of defendant's evidence satisfied the other statutory criteria, concluded that the evidence was not of such character as to create a probability that, had it been received at trial, the verdict would have been more favorable to defendant. We disagree and therefore reverse.

At trial, defendant was identified as the perpetrator of this crime by two witnesses. The first was correction officer Ryan La

Pierre and the second was inmate Peter Dellfava. La Pierre testified that while he was atop an 80-foot tower, the base of which was approximately 120 yards from the crime scene, he observed one out of 600 to 700 similarly clad inmates stab another. He then raised his binoculars to his eyes and claimed to have kept defendant under constant surveillance while he was in radio communication with a fellow correction officer who apprehended defendant. Dellfava testified that, from a distance of 15 feet, he watched defendant walk up behind the victim and "hit" him. The alleged newly discovered evidence consists of Dellfava's recantation of his trial testimony and the testimony and statements of 10 witnesses, six of whom identified Nelson Gutierrez, an Hispanic former inmate who recently died, as the perpetrator. The balance of the affidavits and testimony either were introduced for the purpose of corroborating a motive for Gutierrez having committed the murder or for the purpose of stating that defendant did not commit the murder.

Testimony that defendant did not commit the murder is not newly discovered as such testimony was not only produced by the defense at trial, but was also used in connection with a 1997 CPL 440.10 motion (*People v Wong*, 256 AD2d 724, 726 [1998], *lv denied* 93 NY2d 903 [1999]). The name of Nelson Gutierrez as the alleged perpetrator is also not newly discovered as it was contained in part of a Bureau of Criminal Investigation report dated April 22, 1986 which was in defendant's possession at the time of trial. We note that the report indicates that the inmate who identified Gutierrez as the perpetrator later recanted, but persisted in his claim that defendant was not the perpetrator. Nevertheless, what is newly discovered is the recantation of Dellfava, who now claims that his entire story was a fabrication, as well as admissions of Gutierrez to various inmates that he, in fact, committed the murder and evidence of a motive for him to have done so.

Having determined that sufficient newly discovered evidence exists to support the motion, we turn to an analysis of the character of this evidence to determine if it creates a probability that the verdict would have been more favorable to defendant had it been received at trial. In doing so, we note that County Court's credibility determinations are generally accorded great deference (*see People v Baxley*, 84 NY2d 208, 212 [1994]; *People v Scarincio*, 109 AD2d 928, 929 [1985]). Nevertheless, while County Court found Dellfava's recantation to be incredible, we do not. Consideration of recantation evidence involves the following factors: (1) the inherent believability of the substance of the recanting testimony; (2) the witness's demeanor both at

trial and at the evidentiary hearing; (3) the existence of evidence corroborating the trial testimony; (4) the reasons offered for both the trial testimony and the recantation; (5) the importance of facts established at trial as reaffirmed in the recantation; and (6) the relationship between the witness and defendant as related to a motive to lie (*see People v Shilitano*, 218 NY 161, 170-172 [1916]). Despite his apparent belief that he could be prosecuted for perjury, Dellfava recanted. The present record reveals no reason that Dellfava would now have to not testify truthfully since he has been released from prison and is no longer on parole. In contrast, the record reveals that, at trial, Dellfava was motivated to lie by a promise to be transferred to a prison facility closer to his family and for a letter recommending parole release on his first application, both of which subsequently occurred despite his former escape from a Department of Correctional Services camp facility. The recantation further acquires an aura of believability because of the testimony of the other witnesses at the hearing and the lack of trial evidence connecting defendant with the commission of the crime or establishing a motive for him to commit the crime. Moreover, there appears to be no relationship between Dellfava and defendant which would motivate Dellfava to inappropriately come to defendant's aid.

With respect to the testimony of the other inmates, we do not find, as did County Court, that certain minor inconsistencies in their testimony were sufficient to require that the testimony as a whole be considered incredible. We note that these witnesses uniformly stated that they would not have testified against Gutierrez while he was alive because a reputation as a "snitch" would place them in a position of peril in any prison population. Moreover, the motive attributed to Gutierrez—that he killed the victim in retaliation for the victim having beaten him while they were imprisoned at Riker's Island in a dispute over the use of a telephone—was corroborated to some degree by the victim's widow. With respect to La Pierre's testimony, it is not La Pierre's credibility that defendant questions, but the accuracy of his observations, given the distance that he was from the crime scene, as well as certain other inconsistencies between his trial testimony and his earlier statements and grand jury testimony. In light of this, and coupled with the People's medical evidence that the type of wound inflicted would have created a sufficient amount of blood to have splattered over the perpetrator and that no blood was found on defendant's gloves or clothing, and that there was no physical evidence or motive linking defendant with the crime, we conclude that defendant has met his burden of proof and established by a preponderance

of the evidence that, had this newly discovered evidence been received at trial, a probability exists that the verdict would have been more favorable to him.

In view of this determination, the remainder of defendant's points on appeal from the denial of this motion, as well as his appeal from the denial of an earlier CPL 440.10 motion, are academic.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the order entered October 1, 2003 is reversed, on the law and the facts, judgment of conviction vacated, and matter remitted to the County Court of Clinton County for a new trial. Ordered that the appeal from the order entered March 5, 2002 is dismissed, as academic.