◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY SIMMONS, Appellant. [799 NYS2d 311]—

Peters, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered May 1, 2000, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree, and (2) by permission, from an order of said court, entered October 7, 2002, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On May 28, 1999, Scott Gavigan, a police detective, was shopping when he encountered defendant standing next to a blue Honda hatchback at the Century Two Mall in the City of Albany. In conversation, defendant told Gavigan that he had been in a physical altercation with the victim after he began dating the victim's ex-girlfriend, Angela McCarg. Referring to the victim,

defendant told Gavigan that the "[n]ext time you hear about him he's going to be dead." The next day, defendant, driving the blue Honda hatchback, pulled alongside of the victim, who was riding a bicycle, and shot him twice in the head with a .32 caliber revolver. On May 31, 1999, Kenneth Wilcox, a detective, received information that defendant was staying at a house on Partridge Street in Albany with a woman named "Nathia." When Wilcox and several other detectives arrived at the Partridge Street location, they found a mailbox inscribed with the name "Nathia Millwood." Millwood answered the door at the residence and consented to Wilcox's request to search her apartment. Simultaneously, another detective saw defendant attempt to exit from the rear of the building. Defendant quickly retreated into Millwood's residence and Wilcox found him hiding under a bed. Upon his arrest and receipt of *Miranda* warnings, defendant admitted to shooting the victim, but claimed that he did so in self-defense.

Defendant was indicted and charged with two counts of murder in the second degree and two counts of criminal possession of a weapon in the second degree. Following a jury trial, he was convicted of one count of each crime and sentenced to an aggregate term of imprisonment of 25 years to life. Defendant appealed the conviction and later moved to vacate the judgment by claiming, for the first time, that the police improperly obtained Millwood's consent to search her apartment.[1] In support of the motion, defendant submitted an affidavit from Millwood in which she recanted her consent and claimed that the police coerced her into allowing the search. County Court denied the motion and defendant now appeals from the judgment and, by permission, the order denying his motion.

Defendant's challenge to the constitutionality of the search is unpreserved; he never requested a hearing or raised any issue with respect to its legality or Millwood's consent prior to his conviction (*see* CPL 470.05 [2]; *People v Barton*, 13 AD3d 721, 723 [2004]; *People v Williams*, 306 AD2d 763, 764 [2003], *lv denied* 100 NY2d 625 [2003]; *People v Purcelle*, 282 AD2d 824, 824-825 [2001]). Had it been preserved, we would have found the search proper in light of Wilcox's direct testimony and Millwood's grand jury testimony which was supported by her acknowledgment of consent in two separate documents (*see*

---

1. While defendant asserted several other grounds as a basis for his CPL article 440 motion before County Court, the only basis asserted on appeal is the "newly discovered evidence" of Millwood's recantation. Accordingly, all other grounds have been abandoned (*see People v Ciborowski*, 302 AD2d 620, 623 [2003], *lv denied* 100 NY2d 579 [2003]).

*United States v Matlock*, 415 US 164, 171 n 7 [1974]; *People v Cosme*, 48 NY2d 286, 290 [1979]; *People v Harris*, 274 AD2d 837, 839 [2000], *lv denied* 95 NY2d 935 [2000]).

Nor do we find error in County Court's denial of defendant's CPL article 440 motion to vacate the judgment of conviction. On a motion to vacate a judgment based on newly discovered evidence, "[c]onsideration of recantation evidence involves the following factors: (1) the inherent believability of the substance of the recanting testimony; (2) the witness's demeanor both at trial and at the evidentiary hearing; (3) the existence of evidence corroborating the trial testimony; (4) the reasons offered for both the trial testimony and the recantation; (5) the importance of facts established at trial as reaffirmed in the recantation; and (6) the relationship between the witness and defendant as related to a motive to lie" (*People v Wong*, 11 AD3d 724, 725-726 [2004]). Applying these factors, County Court properly recognized that Millwood's recantation was contradicted by her grand jury testimony, her signed consent form and her signed statement, all of which were given at varying times over the course of several months. In addition, her intimate relationship with defendant was noted.[2]

Having considered and rejected defendant's remaining contentions, including the claim of ineffective assistance of counsel (*see People v Carralero*, 9 AD3d 790, 791-792 [2004], *lv denied* 4 NY3d 742 [2004]; *People v Holmes*, 9 AD3d 689, 692 [2004], *lv denied* 3 NY3d 675 [2004]), we affirm.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and order are affirmed.

---

2. If anything, Millwood's recantation would have merely impeached Wilcox's trial testimony, which is an insufficient basis for vacatur of the judgment of conviction (*see People v Richards*, 266 AD2d 714, 715 [1999], *lv denied* 94 NY2d 924 [2000]).