THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN GONZALEZ, Appellant. [808 NYS2d 643]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered March 12, 2003, convicting defendant, after a jury trial, of attempted robbery in the first degree, and sentencing him to a term of five years, and order, same court and Justice,

entered on or about November 5, 2003, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

After a thorough evidentiary hearing, the court properly denied defendant's motion to vacate the judgment, made on the ground that counsel was allegedly ineffective in his efforts to locate defendant's proposed alibi witness. There is no basis for disturbing the court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), including its implicit finding that defendant never mentioned the prospective alibi witness to his counsel until after the trial had already begun. The record supports the court's conclusion that counsel made reasonably diligent efforts to locate the witness, given that defendant first mentioned the witness to counsel during trial, provided an incorrect name and otherwise useless contact information, and, despite being free on bail before and during trial, did nothing to contact his "friend" (*see People v Castaneda*, 198 AD2d 292 [1993], *lv denied* 83 NY2d 870 [1994]).

On appeal, defendant also attacks various aspects of his counsel's trial performance. However, these claims were not included in his motion to vacate judgment, and they are not reviewable on direct appeal since they turn on matters outside the record concerning counsel's strategy (*see People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, it establishes that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]).

The People established a proper foundation for the receipt of a prior identification pursuant to CPL 60.25. Defendant's other contentions regarding the admissibility of evidence received at trial are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Andrias, J.P., Saxe, Nardelli and Catterson, JJ.