■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL LUGO, Appellant. [807 NYS2d 94]—

Order, Supreme Court, Bronx County (John N. Byrne, J.), entered on or about February 26, 2003, which denied defendant's motion to vacate a judgment, same court (Gerald Sheindlin, J.), rendered May 24, 1994, convicting him, after a jury trial, of two counts of murder in the second degree, and sentencing him to an aggregate term of 45 years to life, unanimously affirmed.

Defendant's principal claim is that the main prosecution witness at his murder trial gave false testimony. However, defendant's submissions do not support that claim. Defendant submitted the following: an excerpt from a book about the instant murders and related investigations, which does not indicate the source of its information; two affidavits that consist entirely of hearsay and lack any exculpatory value; the plea allocution of another person involved in the murders, which contains nothing inconsistent with defendant's guilt and which instead tends to support the People's theory at defendant's trial; and a patently incredible recantation affidavit from the lead witness at the trial. This material, even when viewed as a whole, does not warrant a new trial on a theory of newly discovered evidence or violation of due process, nor does it warrant an evidentiary hearing (*see People v Cintron*, 306 AD2d 151 [2003], *lv denied* 100 NY2d 641 [2003]).

Defendant's claims under *Brady v Maryland* (373 US 83 [1963]) are similarly without merit. There is no evidence that the People failed to disclose exculpatory material. Concur— Tom, J.P., Marlow, Williams, Sweeny and Malone, JJ.