# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**970**

**KA 10-00535**

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSEPH FRAZIER, DEFENDANT-APPELLANT.

---

ARLOW M. LINTON, ROCHESTER, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), dated August 14, 2009. The order denied defendant's CPL 440.10 motion.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: Supreme Court erred in denying without a hearing defendant's motion pursuant to CPL 440.10 (1) (h) to vacate the judgment convicting him of three counts of burglary in the first degree (Penal Law § 140.30 [2]-[4]) on the ground that he was denied his constitutional right to effective assistance of counsel. In support of the motion, defendant submitted his sworn statement asserting that trial counsel failed to inform him that a plea offer had been made and further asserting that he was prejudiced thereby because he would have accepted the offer. In addition, defendant submitted an affidavit from the prosecutor at his trial who recalled the specific terms of the plea offer, i.e., the reduced charge to which defendant was permitted to plead guilty and the trial court's sentencing commitment. We agree with defendant that his submissions "support[] his contention that he was denied effective assistance of counsel . . . and raise[] a factual issue that requires a hearing" (*People v Howard*, 12 AD3d 1127, 1128; *see People v Sherk*, 269 AD2d 755, *lv denied* 95 NY2d 804).

Contrary to the People's contention, the submissions of defendant in support of the motion were not "conclusively refuted by unquestionable documentary proof" (CPL 440.30 [4] [c]). The memorandum purportedly authored by the prosecutor at defendant's trial merely suggests that defendant was aware of a plea offer prior to trial but does not conclusively refute defendant's allegations to the contrary, nor is it sworn or even signed. Moreover, we do not agree

with the court that defendant's submissions in support of the motion consist of factual allegations "made solely by the defendant and . . . unsupported by other affidavit or evidence" (CPL 440.30 [4] [d]; *cf. People v Gunney*, 13 AD3d 980, 983, *lv denied* 5 NY3d 789; *People v Spencer*, 272 AD2d 682, 685-686, *lv denied* 95 NY2d 858).  We therefore reverse the order and remit the matter to Supreme Court to conduct a hearing on defendant's motion.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court