Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (Penny M. Wolfgang, J.), dated December 23, 2015. The order denied, without a hearing, the motion of defendant pursuant to CPL 440.10 (1) (g).
 

 It is hereby ordered that the order so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from an order that denied, without a hearing, his motion pursuant to CPL 440.10 (1) (g) to vacate the judgment convicting him following a jury trial of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). On defendant’s direct appeal, we affirmed the judgment (People v Pringle, 71 AD3d 1450 [4th Dept 2010], lv denied 15 NY3d 777 [2010]) In support of the motion, defendant submitted, inter alia, the sworn affidavit of the victim stating that, contrary to his testimony at trial, defendant was not the person who shot him.
 

 “There is no form of proof so unreliable as recanting testimony” (People v Shilitano, 218 NY 161, 170 [1916], rearg denied 218 NY 702 [1916]), and such testimony is “insufficient alone to warrant vacating a judgment of conviction” (People v Thibodeau, 267 AD2d 952, 953 [4th Dept 1999], lv denied 95 NY2d 805 [2000]). “Consideration of recantation evidence involves the following factors: (1) the inherent believability of the substance of the recanting testimony; (2) the witness’s demeanor both at trial and at the evidentiary hearing; (3) the existence of evidence corroborating the trial testimony; (4) the reasons offered for both the trial testimony and the recantation; (5) the importance of facts established at trial as reaffirmed in the recantation; and (6) the relationship between the witness and defendant as related to a motive to lie” (People v Wong, 11 AD3d 724, 725-726 [3d Dept 2004]).
 

 Here, the victim gave abundant testimony at trial that amply supported his ultimate statement that he had “[n]o doubt” that defendant was the shooter. In contrast, the victim’s affidavit was prepared more than 10 years following the shooting, after the victim had become an inmate at the same prison in which defendant is incarcerated, and the victim blamed an individual identified only as “Marvin,” who was alleged to be deceased since 2008 (see People v Cintron, 306 AD2d 151, 152 [1st Dept 2003], lv denied 100 NY2d 641 [2003]). We therefore conclude that, “[n]otwithstanding the absence of an evidentiary hearing, the totality of the parties’ submissions along with the trial record warrant a factual finding that the recantation is totally unreliable” (id.), and that the court properly denied defendant’s motion.
 

 Present—Carni, J.P., Lindley, DeJoseph, Trout-man and Winslow, JJ.