THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROL POTTINGER, Appellant. [67 NYS3d 746]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Victoria M. Argento, J.), entered December 31, 2013. The order denied without a hearing the motion of defendant pursuant to CPL 440.10 to vacate a judgment convicting him upon a jury verdict of, inter alia, assault in the first degree (two counts) and robbery in the first degree (two counts).

It is hereby ordered that the order so appealed from is unanimously reversed on the law and the matter is remitted to

Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order that denied without a hearing his motion pursuant to CPL 440.10 to vacate the judgment convicting him upon a jury verdict of, inter alia, two counts each of assault in the first degree (Penal Law § 120.10 [1], [4]) and robbery in the first degree (§ 160.15 [1], [2]). This Court previously affirmed the judgment of conviction (*People v Pottinger*, 71 AD3d 1492 [4th Dept 2010], *lv denied* 15 NY3d 755 [2010]).

We agree with the contention of defendant in his main and supplemental pro se briefs that he was entitled to a hearing on his claims of ineffective assistance of counsel and actual innocence. With respect to defendant's claim of ineffective assistance of counsel, we conclude that nonrecord facts may support defendant's contention that his trial counsel failed to investigate two potential alibi witnesses and was ineffective in failing to present the testimony of one or both of those witnesses. It is well settled that "[a] defendant's right to effective assistance of counsel includes defense counsel's reasonable investigation and preparation of defense witnesses" (*People v Jenkins*, 84 AD3d 1403, 1408 [2d Dept 2011], *lv denied* 19 NY3d 1026 [2012]; *see People v Mosley*, 56 AD3d 1140, 1140-1141 [4th Dept 2008]). Here, defendant's CPL 440.10 motion was supported by the police investigation report, which demonstrated that the alibi witnesses had been interviewed by the police and made statements supporting defendant's alibi. We note that the police report was annexed to the People's CPL 710.30 notice.

In addition, defendant submitted his own affidavit and an affidavit from one of the alibi witnesses likewise asserting facts supporting defendant's alibi claim. While a hearing may ultimately reveal that "counsel made reasonably diligent efforts to locate the [alibi] witness[es]" and present their testimony at trial (*People v Gonzalez*, 25 AD3d 357, 358 [1st Dept 2006], *lv denied* 6 NY3d 833 [2006]), or that there was a strategic reason for the failure to do so (*see People v Coleman*, 10 AD3d 487, 488 [1st Dept 2004]), we agree with defendant that his submissions raised factual issues requiring a hearing (*see generally People v Frazier*, 87 AD3d 1350, 1351 [4th Dept 2011]).

Additionally, we conclude that County Court erred in denying defendant's motion without holding a hearing to address defendant's claim that the judgment of conviction should be vacated pursuant to CPL 440.10 (1) (h) based on his actual innocence of the crimes of which he was convicted (*see People v Hamilton*, 115 AD3d 12, 15 [2d Dept 2014]). We conclude that

defendant made a prima facie showing of actual innocence sufficient to warrant a hearing on the merits (*see Hamilton*, 115 AD3d at 27). Specifically, in support of his claim of actual innocence, he submitted competent evidence establishing an alibi through, inter alia, witnesses who, although identified before trial in a police report attached to the People's 710.30 notice, did not testify at trial.

Finally, we reject the People's contention that defendant's motion papers did not contain "sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]).

We therefore reverse the order and remit the matter to County Court to conduct a hearing in accordance with our decision herein. Present—Carni, J.P., Lindley, DeJoseph, Troutman and Winslow, JJ.