People v Borcyk (2018 NY Slip Op 03256)





People v Borcyk


2018 NY Slip Op 03256


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


371 KA 16-01138

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY BORCYK, DEFENDANT-APPELLANT. 






EDELSTEIN & GROSSMAN, NEW YORK CITY (JONATHAN I. EDELSTEIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Vincent M. Dinolfo, J.), dated January 4, 2016. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Monroe County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from an order that denied without a hearing his CPL 440.10 motion to vacate the judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Defendant was convicted of the murder of Maria Ortiz in 2005, and we affirmed the judgment of conviction on direct appeal (People v Borcyk, 60 AD3d 1489 [4th Dept 2009], lv denied 12 NY3d 923 [2009]). After two prior unsuccessful CPL 440.10 motions, defendant made the motion herein to vacate the judgment on the grounds of newly discovered evidence, ineffective assistance of counsel, and actual innocence. We conclude that County Court erred in summarily denying the motion and that defendant is entitled to a hearing with respect to his claims of ineffective assistance of counsel and actual innocence (see CPL 440.30 [5]).
Defendant's newly discovered evidence claim is based upon the affidavit of a witness (hereafter, witness) obtained by defendant's private investigator in 2014. The witness averred, inter alia, that her former boyfriend admitted to her in 2004 that he had murdered Ortiz. The record from defendant's trial establishes that the witness provided that information to the police when she was interviewed in 2004, and there is no dispute that the police report containing that information was provided to defense counsel prior to defendant's trial. We thus reject defendant's contention that the information concerning the murder contained in the affidavit from the witness constitutes newly discovered evidence. Defendant failed to meet his burden of establishing that the information has been "discovered since the entry of [the] judgment" convicting him of the murder (CPL 440.10 [1] [g]; see People v Backus, 129 AD3d 1621, 1624-1625 [4th Dept 2015], lv denied 27 NY3d 991 [2016]). Therefore, the court properly denied without a hearing that part of defendant's motion.
On the other hand, we agree with defendant that the court erred in denying without a hearing that part of his motion based upon ineffective assistance of counsel. Defendant's specific claim is that defense counsel failed to secure the presence of a witness who had potentially exculpatory information, and we agree with defendant that such a failure may serve as the basis for a finding of ineffective assistance of counsel (see People v Mosley, 56 AD3d 1140, 1140-1141 [4th Dept 2008]; People v Nau, 21 AD3d 568, 569 [2d Dept 2005]). At trial, defense counsel stated on the record that the witness had been subpoenaed to testify on defendant's behalf. The witness did not testify, however, and there is nothing in the trial record indicating why. According to defendant's moving papers, when the witness did not appear to testify, [*2]defense counsel merely stated: "Oh, well." There is no dispute that defense counsel did not attempt to utilize the procedure for securing the trial testimony of a material witness (see CPL art 620), or to seek a continuance to obtain the witness's voluntary compliance with the subpoena. Notably, the witness avers in her affidavit that she was never subpoenaed.
The court denied that part of the motion based on its determination that defendant could have raised his claim on his direct appeal or in his prior CPL 440.10 motions (see CPL 440.10 [3] [a], [c]). That was error. Because the witness resided in another state and went by a different surname, it was not until 2014—after defendant made his two prior CPL 440.10 motions—that defendant was able to obtain an affidavit from her. The affidavit contains information not contained in the trial record and substantially supports defendant's claim of ineffective assistance. Significantly, it raises an issue of fact whether the witness was ever subpoenaed by defense counsel. That issue of fact is separate and distinct from the witness's information about the murder itself, which was known to defendant through the 2004 police report. Defendant could not have discovered and raised the issue of fact until 2014, when he was able to identify, locate, and obtain an affidavit from the witness. We therefore conclude that the court erred in determining that defendant could have asserted his present claim of ineffective assistance of counsel on his direct appeal or in his prior CPL 440.10 motions (cf. People v Huggins, 130 AD3d 1069, 1069 [2d Dept 2015], lv denied 26 NY3d 1089 [2015]; see generally People v Coleman, 10 AD3d 487, 487-488 [1st Dept 2004]). Furthermore, although defense counsel's failure to pursue readily available procedural means to secure the appearance of the witness may have been the result of a strategic decision, we agree with defendant "that his submissions support[] his contention that he was denied effective assistance of counsel . . . and raise[] a factual issue that requires a hearing' " (People v Frazier, 87 AD3d 1350, 1351 [4th Dept 2011]).
We further agree with defendant that the court erred in denying without a hearing that part of his motion based on his claim of actual innocence (see People v Pottinger, 156 AD3d 1379, 1380-1381 [4th Dept 2017]; People v Hamilton, 115 AD3d 12, 15 [2d Dept 2014]). We conclude that he made a prima facie showing of actual innocence sufficient to warrant a hearing on the merits (see Pottinger, 156 AD3d at 1380-1381).
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court