People v Wilson (2018 NY Slip Op 04233)





People v Wilson


2018 NY Slip Op 04233


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


754 KA 15-00248

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL WILSON, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL WILSON, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Thomas J. Miller, J.), dated November 25, 2014. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of rape in the first degree, predatory sexual assault against a child and endangering the welfare of a child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant was convicted in County Court (Walsh, J.) of, inter alia, predatory sexual assault against a child (Penal Law § 130.96) and rape in the first degree (§ 130.35 [1]) in 2010, and we affirmed the judgment of conviction on direct appeal (People v Wilson, 112 AD3d 1317 [4th Dept 2013], lv denied 23 NY3d 1069 [2014]). While the direct appeal was pending, defendant filed two separate CPL 440.10 motions seeking to vacate the judgment of conviction on various grounds, including ineffective assistance of counsel, prosecutorial misconduct, newly discovered evidence and actual innocence. In the order in appeal No. 1, County Court (Todd, A.J.) denied the first motion without a hearing. In the order in appeal No. 2, County Court (Miller, J.) denied the second motion following a hearing related to the allegations of newly discovered evidence. We conclude that the court in appeal No. 1 erred in summarily denying the first motion and, in appeal No. 2, erred in failing to hold a hearing with respect to the claim of ineffective assistance of counsel.
In both appeal Nos. 1 and 2, many of defendant's allegations of ineffective assistance of counsel are based on evidence outside the record of the direct appeal. Where, as here, "an ineffective assistance of counsel claim involves . . . mixed claims' relating to both record-based and nonrecord-based issues . . . [, such] claim may be brought in a collateral proceeding, whether or not the [defendant] could have raised the claim on direct appeal" (People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US 912 [2011]). In such situations, i.e., where the "claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety" (People v Kocaj, 160 AD3d 766, 767 [2d Dept 2018] [emphasis added]; see People v Taylor, 156 AD3d 86, 91-92 [3d Dept 2017], lv denied 30 NY3d 1120 [2018]). That is because "each alleged shortcoming or failure by defense counsel should not be viewed as a separate ground or issue raised upon the motion' . . . Rather, a defendant's claim of ineffective assistance of counsel constitutes a single ground or issue upon which relief is requested' " (Taylor, 156 AD3d at 91). In other words, "such a claim constitutes a single, unified claim that must be assessed in totality" (id. at 92).
We thus conclude that the motions in appeal Nos. 1 and 2, insofar as they raised allegations of ineffective assistance of counsel, were not procedurally barred and should not have been summarily denied on that ground. Moreover, we further conclude that the court in both appeals should not have denied the motions without a hearing on the respective claims of ineffective assistance of counsel. In support of his claims in appeal Nos. 1 and 2, "defendant established that there were sufficient questions of fact . . . whether [trial counsel] had an adequate explanation' for [her] failure to pursue certain lines of defense on cross-examination or for [her] failure to call an expert on defendant's behalf, and defendant is therefore entitled to an opportunity to establish that [he] was deprived of meaningful legal representation' " (People v Caldavado, 26 NY3d 1034, 1036 [2015]). For example, defense counsel failed to address at trial evidence in the medical records that tended to disprove allegations of penetration. We also note that defendant presented sworn allegations supporting his contention that DNA buccal swabs were taken from him by the use of excessive force. Such an allegation, if true, would support suppression of the damaging DNA evidence had such a motion been made (see People v Smith, 95 AD3d 21, 26-28 [4th Dept 2012]). No such motion was made, and "[s]uch a failure, in the absence of a reasonable explanation for it, is hard to reconcile with a defendant's constitutional right to . . . effective assistance of counsel" (People v Turner, 5 NY3d 476, 481 [2005]). We thus reverse the orders in appeal Nos. 1 and 2 and remit the matters to County Court to conduct a single hearing before one judge on defendant's respective claims of ineffective assistance of counsel in their entirety.
With respect to defendant's allegations of newly discovered evidence in appeal No. 2, i.e., the victim's recantation of the allegations, we conclude that the court properly determined following a hearing that the victim's alleged recantation did not provide a basis to vacate the judgment of conviction (see generally People v Wong, 11 AD3d 724, 725-726 [3d Dept 2004]).
We have reviewed the myriad other contentions raised by defendant in both motions and conclude that they are without merit.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court