People v Howard (2019 NY Slip Op 06309)





People v Howard


2019 NY Slip Op 06309


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


627 KA 16-00034

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
EARL HOWARD, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
EARL HOWARD, DEFENDANT-APPELLANT PRO SE.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Michael L. D'Amico, J.), dated December 1, 2015. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Erie County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals from an order that denied without a hearing his CPL 440.10 motion to vacate the judgment convicting him, following a nonjury trial, of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirmed the judgment of conviction on direct appeal (People v Howard, 101 AD3d 1749 [4th Dept 2012], lv denied 21 NY3d 944 [2013]) and denied defendant's subsequent motion for a writ of error coram nobis and "other relief," i.e., reargument and reconsideration (People v Howard, 112 AD3d 1385 [4th Dept 2013]). Defendant made the motion herein to vacate the judgment on the grounds of newly discovered evidence and ineffective assistance of counsel. We conclude that defendant is entitled to a hearing with respect to his claim of ineffective assistance of counsel.
We reject defendant's contention in his main and pro se supplemental briefs that he was entitled to a hearing on his claim of newly discovered evidence. Defendant's claim is based on the notarized but unsworn statement of an eyewitness in which she recanted her trial testimony and contended that she did not observe defendant shoot the murder victim. On a motion to vacate a judgment of conviction pursuant to CPL 440.10 (1) (g), the defendant must establish that "there is newly discovered evidence: (1) which will probably change the result if a new trial is granted; (2) which was discovered since the trial; (3) which could not have been discovered prior to trial; (4) which is material; (5) which is not cumulative; and[ ] (6) which does not merely impeach or contradict the record evidence" (People v Smith, 108 AD3d 1075, 1076 [4th Dept 2013], lv denied 21 NY3d 1077 [2013] [internal quotation marks omitted]; see People v Salemi, 309 NY 208, 215-216 [1955], cert denied 350 US 950 [1956]).
In recognition of the fact that "[t]here is no form of proof so unreliable as recanting testimony" (People v Shilitano, 218 NY 161, 170 [1916], rearg denied 218 NY 702 [1916]; see People v Jenkins, 84 AD3d 1403, 1407 [2d Dept 2011], lv denied 19 NY3d 1026 [2012]), courts have set forth a list of factors to be considered where, as here, the newly discovered evidence is recantation evidence, i.e., "(1) the inherent believability of the substance of the recanting testimony; (2) the witness's demeanor both at trial and at the evidentiary hearing; (3) the existence of evidence corroborating the trial testimony; (4) the reasons offered for both the trial testimony and the recantation; (5) the importance of facts established at trial as reaffirmed in the [*2]recantation; and (6) the relationship between the witness and defendant as related to a motive to lie" (People v Wong, 11 AD3d 724, 725-726 [3d Dept 2004], citing Shilitano, 218 NY at 170-172; see People v Pringle, 155 AD3d 1660, 1660 [4th Dept 2017], lv denied 31 NY3d 986 [2018]; People v Simmons, 20 AD3d 813, 815 [3d Dept 2005], lv denied 6 NY3d 758 [2005]). Another relevant factor is "whether the recantation refutes the eyewitness testimony of another witness" (People v Lane, 100 AD3d 1540, 1541 [4th Dept 2012], lv denied 20 NY3d 1063 [2013]).
Here, as County Court determined, the witness's recantation was "not inherently believable" inasmuch as it contradicted not only her own trial testimony but also that of two other eyewitnesses who testified that they were in the witness's company when they all observed defendant shoot the victim (People v Avery, 80 AD3d 982, 985 [3d Dept 2011], lv denied 17 NY3d 791 [2011]). Moreover, the witness subsequently retracted her recantation in an interview with members of the District Attorney's Office. During that interview, the witness explained that she initially recanted her trial testimony because she had been threatened by associates of defendant and had been offered a substantial amount of money to recant. In our view, the court properly determined that the witness's recantation was " totally unreliable' " (Pringle, 155 AD3d at 1661; see Lane, 100 AD3d at 1540-1542; Simmons, 20 AD3d at 815; People v Cintron, 306 AD2d 151, 152 [1st Dept 2003], lv denied 100 NY2d 641 [2003]) and that there was "no probability that if such evidence had been received at the trial the verdict would have been more favorable to . . . defendant" (People v Backus, 129 AD3d 1621, 1625 [4th Dept 2015], lv denied 27 NY3d 991 [2016]).
Defendant further contends in his main and pro se supplemental briefs that the court erred in denying without a hearing that part of his motion claiming ineffective assistance of counsel based on defense counsel's failure to investigate and secure the testimony of witnesses who would have corroborated the alibi evidence presented at trial by defendant and his mother. We agree.
It is well settled that "[a] defendant's right to effective assistance of counsel includes defense counsel's reasonable investigation and preparation of defense witnesses" (People v Conway, 118 AD3d 1290, 1291 [4th Dept 2014]; see People v Mosley, 56 AD3d 1140, 1140-1141 [4th Dept 2008]). Here, defendant's CPL 440.10 motion was supported by notarized but unsworn statements of two previously unknown individuals who claimed that they would have corroborated the trial testimony of defendant and his mother that defendant was at a party at his mother's home for the entire evening of the shooting. One of those witnesses specifically stated that she was at all times willing to "make [a] statement" but was never contacted by defense counsel. Two additional witnesses stated that they observed defendant at that party some time after the shooting. While those witnesses do not provide a technical alibi for defendant because they did not discuss defendant's location at the time of the shooting (see People v West, 118 AD3d 1450, 1451 [4th Dept 2014], lv denied 24 NY3d 1048 [2014]), they tend to support the alibi evidence that defendant could not have been the shooter because he was at a party at his mother's house for the entire evening (see People v Pottinger, 156 AD3d 1379, 1380 [4th Dept 2017]; Jenkins, 84 AD3d at 1409; cf. People v Ozuna, 7 NY3d 913, 915 [2006]).
"While a hearing may ultimately reveal that counsel made reasonably diligent efforts to locate the [alibi] witness[es]' and present their testimony at trial" (Pottinger, 156 AD3d at 1380) or that there was a strategic reason for counsel's failure to do so (see Conway, 118 AD3d at 1291), defendant's submissions from those witnesses raised factual issues requiring a hearing (see generally People v Frazier, 87 AD3d 1350, 1351 [4th Dept 2011]). We thus reverse the order and remit the matter to County Court to conduct a hearing pursuant to CPL 440.30 (5) on defendant's claim of ineffective assistance of counsel.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court