People v Williams (2022 NY Slip Op 03625)

People v Williams

2022 NY Slip Op 03625

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

349 KA 21-00293

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHALA WILLIAMS, DEFENDANT-APPELLANT. 

JOHN R. LEWIS, SLEEPY HOLLOW, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department from an order of the Onondaga County Court (Stephen J. Dougherty, J.), dated January 25, 2021. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is granted, the judgment of conviction is vacated, and a new trial is granted.
Memorandum: Defendant was previously convicted after a jury trial of one count each of murder in the second degree (Penal Law
§ 125.25 [1]) and assault in the second degree (§ 120.05 [2]), and two counts of criminal possession of a weapon in the second degree
(§ 265.03 [3]). He appealed, and this Court affirmed (People v Williams [appeal No. 1], 175 AD3d 980 [4th Dept 2019], lv denied 34 NY3d 1020 [2019]). Together with the appeal of his judgment of conviction, defendant also appealed from an order of County Court that denied without a hearing his motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground of ineffective assistance of counsel. This Court reversed that order and remitted the matter to County Court for a hearing on the motion (People v Williams [appeal No. 2], 175 AD3d 980, 982 [4th Dept 2019]). After a hearing, the court again denied the motion, and a Justice of this Court granted defendant leave to appeal. We agree with defendant that the court erred in denying the motion, and we therefore reverse the order, grant the motion, vacate the judgment of conviction, and grant defendant a new trial.
"To prevail on his claim that he was denied effective assistance of counsel, defendant must demonstrate that his attorney failed to provide meaningful representation" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]). A defendant claiming ineffective representation "bears the ultimate burden of showing . . . the absence of strategic or other legitimate explanations for counsel's challenged actions" (People v Lopez-Mendoza, 33 NY3d 565, 572 [2019] [internal quotation marks omitted]). "It is well settled that '[t]he failure to investigate or call exculpatory witnesses may amount to ineffective assistance of counsel' " (People v Borcyk, 184 AD3d 1183, 1184 [4th Dept 2020]; see People v Pottinger, 156 AD3d 1379, 1380 [4th Dept 2017]).
This case arises from an incident in which a male victim and a female victim were shot with bullets matching a .38 caliber firearm through a closed window of the male victim's residence, killing the male victim. The shooting took place several hours after defendant had attended a gathering at the residence, during which defendant and the male victim had a physical altercation. Defendant was arrested and, during pretrial incarceration, he heard from a fellow inmate that the shootings had been committed by a third party who wanted to rob the residence, and that a witness had been present. Although defendant informed his trial counsel that the witness who had been present during the shootings was able to provide potentially exculpatory [*2]information, trial counsel never interviewed the witness.
The witness, who testified at the CPL article 440 hearing against the advice of his counsel, stated that, on the night of the shooting, he and a third party committed a string of crimes, including an armed robbery of another residence with a .22 caliber firearm. The witness explained that he and the third party then retrieved a second firearm, a .38 caliber handgun, and proceeded to the male victim's residence to undertake another robbery. He further testified that, while he and the third party were standing outside the male victim's residence, someone inside turned on a light and spooked the third party, who then fired shots into the residence from the backyard through a closed window. The witness was unequivocal that defendant was not present during the shooting and did not fire the shots. The witness added that he was not related to or particularly friendly with defendant, and acknowledged that he might incur legal penalties as a result of his testimony.
At the CPL article 440 hearing, the People called trial counsel and the hired defense investigator. The investigator testified that, although defendant requested that he interview the witness, the investigator did not think it was necessary because the witness's version of events was not credible due to various inconsistencies, including, inter alia, the difference in caliber of gun used in the shooting and that used in other incidents in which the witness was involved. Similarly, trial counsel testified that she did not follow up with the witness because his version of events did not comport with accounts from other witnesses the defense might have called at trial. We conclude, however, that those putative discrepancies were either resolved by the witness's testimony at the CPL article 440 hearing, immaterial, or related to minor differences in terminology.
Under the circumstances of this case, we conclude that defendant met his burden of establishing that defense counsel's failure to interview the potentially exculpatory witness constituted ineffective assistance of counsel, inasmuch as the record before us reflects "the absence of strategic or other legitimate explanations for defense counsel's allegedly deficient conduct" (People v Atkins, 107 AD3d 1465, 1465 [4th Dept 2013], lv denied 21 NY3d 1040 [2013] [internal quotation marks omitted]; see generally CPL 440.30 [6]). The failure by defendant's trial counsel to interview the witness cannot be characterized as a legitimate strategic decision because, "without collecting that information, [defense] counsel could not make an informed decision as to whether the witness['s] evidence might be helpful at trial" (People v Davis, 193 AD3d 967, 971 [2d Dept 2021]; see also People v Oliveras, 21 NY3d 339, 348 [2013]). To the extent that the defense team deemed the witness not credible due to his criminal record or history, that alone "does not excuse trial counsel's failure to investigate since a witness's unsavory background[ ] does not render his or her testimony incredible as a matter of law" (Davis, 193 AD3d at 971 [internal quotation marks omitted]; see People v Tankleff, 49 AD3d 160, 181 [2d Dept 2007]). Further, we conclude that, "even if the witness['s] criminal record[] provided a strategic basis for choosing not to present [his] testimony, it does not provide an excuse for [defense] counsel's failure to investigate [him] as [a] possible witness[ ]" (Davis, 193 AD3d at 971; see generally Oliveras, 21 NY3d at 348). Moreover, the witness's testimony at the CPL article 440 hearing was wholly consistent with the theory pursued by trial counsel, namely that defendant was not present at the shooting and that the crime was instead committed by an individual seeking to rob the victims' residence, and the proposed witness would have provided the only eyewitness testimony at trial as to the shooting.
We therefore agree with defendant that the record discloses no tactical reason for defense counsel's failure to interview the witness (see Borcyk, 184 AD3d at 1184; see generally People v Dombrowski, 94 AD3d 1416, 1417 [4th Dept 2012], lv denied 19 NY3d 959 [2012]), and that defense counsel's deficient conduct was "sufficiently egregious and prejudicial as to compromise [the] right to a fair trial" (Caban, 5 NY3d at 152; see Borcyk, 184 AD3d at 1187).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court